*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0013P (6th Cir.)
File Name: 03a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

v.

ANDREW TEA COLE,
     *Defendant-Appellant.*

No. 01-5790

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 97-10036—James D. Todd, District Judge.

Submitted: December 10, 2002

Decided and Filed: January 13, 2003

Before: NORRIS and GILMAN, Circuit Judges;
McKEAGUE, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Matthew M. Maddox, MADDOX, MADDOX & MADDOX, Huntingdon, Tennessee, for Appellant.

---

[*]The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

1

Lennard B. Register III, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

———————————

**OPINION**

———————————

RONALD LEE GILMAN, Circuit Judge.  A grand jury indicted Andrew Tea Cole for being a felon in possession of a firearm. The district court granted in part and denied in part his motion to suppress incriminating statements made by him following his arrest for a traffic violation, at which time the police recovered a gun found near Cole's stopped car.  Cole then entered a conditional plea of guilty and was subsequently sentenced to 81 months in prison.  Cole appeals, challenging the district court's failure to fully grant his motion to suppress.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.  Factual background

At 10:30 p.m. on November 23, 1996, two local police officers, Patrolman Kenny Gilbert and Sergeant Terry Jones, were driving their cruiser down Ellis Street in Milan, Tennessee when a car traveling in the opposite direction crossed the center line.  Officers Gilbert and Jones took evasive action to avoid a collision, and then turned their cruiser around to pursue the other car.  When the officers activated their cruiser's flashing lights, the other car slowed almost to a stop.  Then it sped up again before suddenly coming to a complete stop a short distance later.

When the other car stopped, the rear passenger-side door opened and closed, though no one exited the car.  Then the rear driver-side door opened, and a man later identified as Cole got out.  Officers Gilbert and Jones also exited their police cruiser.

warnings mandated by *Miranda*, his subsequent, similar statements are so tainted that they too are inadmissible. The Supreme Court, however, has squarely rejected this argument. *Oregon v. Elstad*, 470 U.S. 298, 309 (1985) (holding that a statement obtained in violation of *Miranda* does not, by its own force, mandate the inadmissibility of subsequent, similar statements that were constitutionally obtained). Because the record reflects that Cole's statements while being booked and later transported to jail were spontaneous and unprovoked by Officer Jones's initial question at the scene of the crime, the initial *Miranda* violation furnishes no basis to suppress the subsequent statements.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

Cole walked toward Officer Jones, called him by name and stated that he was not carrying any narcotics. Officer Jones replied that he was going to handcuff Cole for safety reasons, which he proceeded to do. At this point Officer Gilbert, who had been exploring the vicinity with a flashlight, announced that he had found a handgun in a ditch next to the car.

Without advising Cole of his right not to incriminate himself, Officer Jones asked: "Whose gun is this?" Cole replied that he owned the gun, but that someone else was carrying it. After Officer Jones advised Cole that he was under arrest, Officer Gilbert and another officer who had arrived on the scene transported Cole to the Milan Police Department. Officer Jones rejoined them at the station. While being booked at the station, Cole harangued Officer Jones with protests, stating repeatedly that although he owned the gun, he had not been carrying it, and that it was therefore unfair to charge him with its possession. The police officers proceeded to obtain two warrants for Cole's arrest.

Officers Gilbert and Jones then placed Cole in their police vehicle to transport him to the jail. It was at that point that Officer Jones first informed Cole of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Cole asked and was told what crime he was being charged with, and he continued to argue that he was being treated unfairly. Neither officer asked Cole any questions during the trip, but Cole volunteered substantially the same comments that he had previously made about the gun until their arrival at the jail.

### B.  Procedural background

The grand jury for the Western District of Tennessee returned a two-count indictment against Cole on August 18, 1997. Count One charged him with being a felon in possession of a firearm on December 20, 1996. (The record contains no information about the circumstances surrounding the incident on December 20, nor does any issue in this appeal concern that charge.) Count Two accused him of possessing a different firearm on November 23, 1996.

Cole pled guilty to the first count, but he proceeded to trial on the second count. After a jury convicted him on the second count, Cole was sentenced to 120 months' imprisonment on Count One and a consecutive 105-month term on Count Two. This court affirmed the judgment on appeal in September of 1999. *United States v. Cole*, No. 98-5925, 1999 WL 777312 (6th Cir. Sept. 23, 1999) (per curiam) (unpublished table decision).

Cole subsequently sought to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court vacated the judgment against Cole on Count Two because it concluded that his trial counsel had rendered ineffective assistance. Cole then filed a motion to suppress the evidence of his various admissions that he owned the gun recovered on November 23, 1996. His motion was granted in part and denied in part by the district court.

Cole then entered a conditional plea of guilty, reserving his right to challenge on appeal the district court's partial denial of his motion to suppress. The district court entered judgment against Cole and sentenced him to 81 months in prison on Count Two. This timely appeal followed.

## II.   ANALYSIS

"A district court's denial of a motion to suppress evidence is reviewed under a hybrid standard. Its findings of fact are reviewed under the 'clearly erroneous' standard, but its conclusions of law are reviewed de novo." *United States v. Orlando*, 281 F.3d 586, 593 (6th Cir. 2002).

Statements made by a defendant in response to interrogation while in police custody are not admissible unless the defendant has first been apprized of the constitutional right against self-incrimination and has validly waived this right. *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). On the other hand, "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by" the holding in *Miranda*. *Id.* at 478.

The district court suppressed evidence of Cole's admission at the scene of his arrest that he owned the gun, because he was in custody, he had not been advised of his rights, and his admission was in response to Officer Jones's direct question about the ownership of the gun. None of Cole's other admissions was suppressed, however, because they were not made in response to interrogation. The Supreme Court has defined "interrogation" as "words or actions on the part of police officers that they should [know are] reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 302 (1980) (emphasis omitted).

In this case, aside from Officer Jones's initial question, the police officers asked Cole no questions about gun ownership or possession, and they took no actions that were likely to elicit an incriminating response. There is no interrogation under such circumstances. *United States v. Avery*, 717 F.2d 1020, 1024 (6th Cir. 1983) (holding that there was no interrogation where the police asked only routine booking questions that "did not relate, even tangentially, to criminal activity. Moreover, there is no evidence that the defendant was particularly susceptible to these questions, or that police somehow used the questions to elicit an incriminating response from the defendant.").

Cole does not argue otherwise. Rather, he contends that he made only "one continuous statement which cannot be broken up into pieces which began from the initial question by Officer Jones." This fact-specific argument is premised on a highly implausible characterization of the events of November 23, 1996. Cole clearly made multiple independent statements at the scene of his arrest, at the Milan Police Department, and on the way to the jail, even if their content was similar. The district court, therefore, did not err in finding that Cole made numerous statements, rather than one continuous statement, in which he admitted owning the gun.

Cole's argument might alternatively be construed as a legal claim that because he made one incriminating statement in response to custodial interrogation before having received the