**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Manuel CASTRO–PEREZ,**
**Defendant–Appellant.**

No. 03–4354.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2004.

Robert Brichler, U.S. Attorney's Office Southern District of Ohio, Cincinnati, OH, for Plaintiff–Appellee.

Jeffrey M. Brandt, Brandt Law Offices, Cincinnati, OH, for Defendant–Appellant.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

### ORDER

Jose Manuel Castro–Perez, through counsel, appeals his conviction for possession with intent to distribute cocaine. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The government charged Castro–Perez and Martin A. Larios in a one-count indictment with possession with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. Thereafter, Castro–Perez filed a motion to suppress, arguing, inter alia, that the police officers' warrantless search of the van in which he was a passenger violated the Fourth Amendment. After conducting a hearing, the district court denied Castro–Perez's motion to suppress. A jury found Castro–Perez guilty of possession with intent to distribute cocaine. Castro–Perez was sentenced to 120 months' imprisonment, five years of supervised release, and a $2,000 fine. This appeal followed.

Castro–Perez argues that the district court erred in denying his motion to suppress. Castro–Perez first argues that this traffic stop was illegal because there was no probable cause. Specifically, Castro–Perez argues that no other officer verified that the van was speeding and no citations were issued, which undermines the officer's contention that he committed traffic offenses. Second, Castro–Perez argues that the search of a hidden compartment in the vehicle was unconstitutional because it was remote in time and place to his stop, citing *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

When this court reviews a district court's denial of a motion to suppress evidence, the district court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. *United States v. Cole,* 315 F.3d 633, 636 (6th Cir.2003). "In reviewing the court's factual findings, we will consider the evidence in the light most likely to support the district court's decision." *United States v. Guimond,* 116 F.3d 166, 169 (6th Cir.1997) (internal quotation and citation omitted). Additionally, the court accords great deference to the district court's credibility determinations. *United States v. Navarro–Camacho,* 186 F.3d 701, 705 (6th Cir.1999).

█ Police officers may, consistent with the Fourth Amendment's requirements, stop vehicles for observed violations of traffic laws. *See, e.g., Pennsylvania v.*

*Mimms*, 434 U.S. 106, 109, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (holding that a traffic stop was proper because the vehicle in question had expired tags in violation of the law). Motor vehicle operators in Ohio are prohibited from following other vehicles more closely than reasonable or prudent. Ohio Rev.Code Ann. § 4511.34(A). Motor vehicle operators in Ohio are also required to obey posted speed limits on interstate highways. Ohio Rev.Code Ann. § 4511.21(B)(12). Sergeant Greg Morgan of the Hamilton County Sheriff's Department testified at Castro–Perez's suppression hearing that he observed Larios operating the van too closely behind another vehicle and that Larios was exceeding the speed limit by nine miles per hour. Although Morgan acknowledged that he did not issue any citations, he testified that the local courts routinely dismissed citations in such instances. A review of the record discloses that Morgan's testimony was consistent in all relevant respects. Accordingly, the district court did not err in denying Castro–Perez's motion to suppress on this ground because there was probable cause to support Morgan's traffic stop.

In *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Supreme Court held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. *Id.* at 52. In so holding, the Supreme Court distinguished its decision in *Preston,* noting that the police had probable cause to believe the offense precipitating the search had been committed. *Id.* at 48. Notably, the Supreme Court stated that it was not unreasonable for the officers to take the automobile to the station house given that it was "impractical and perhaps not safe for the officers" to search the automobile in its original location. *Id.* at 52 n. 10.

In *Arwine v. Bannan*, 346 F.2d 458 (6th Cir.1965), this court held that a warrantless search of the defendant's vehicle was not unreasonable when, subsequent to the defendant's arrest, his automobile was towed to the police garage and searched in his presence. *Id.* at 468. This court distinguished *Preston*, stating that the defendant's arrest was lawfully based on reasonable cause to believe that he was committing a felony. *Id.* This court also recognized that circumstances, such as safety, might require movement of the vehicle to a different location before performing the search. *Id.*

■ In the instant case, Morgan testified at Castro–Perez's suppression hearing that he located the secret compartment after a drug dog alerted on the rear bumper of the van. Morgan further testified that he felt it was unsafe to open the bumper on the interstate. Both Larios and Castro–Perez were present when the hidden compartment was searched and the cocaine was located. Accordingly, the district court did not err in denying Castro–Perez's motion to suppress on this ground because Morgan had probable cause at the scene to believe Castro–Perez and Larios were involved in the commission of a felony, and it was unsafe for him to search the hidden compartment while the van was on the highway.

Castro–Perez also argues that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his conviction. Specifically, Castro–Perez argues that the evidence failed to show possession, intent to distribute, or his assistance in any plan to deliver the cocaine.

Castro–Perez moved the district court for a judgment of acquittal pursuant to

Fed.R.Crim.P. 29. A Rule 29 motion challenges the sufficiency of the evidence. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). This court's task, in this context, is to determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Humphrey,* 279 F.3d 372, 378 (6th Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Credibility issues must be resolved in favor of the verdict, *United States v. Salgado,* 250 F.3d 438, 446 (6th Cir.2001), and one claiming insufficiency of the evidence bears a heavy burden. *United States v. Warwick,* 167 F.3d 965, 971 (6th Cir.1999). Circumstantial evidence standing alone may sustain a criminal conviction and the evidence need not preclude every reasonable hypothesis save that of guilt. *Id.*

To obtain a conviction under § 841(a)(1), the government must prove that the defendant knowingly and intentionally possessed a controlled substance with the intent to distribute it. *United States v. Forrest,* 17 F.3d 916, 919 (6th Cir.1994). To obtain a conviction for aiding and abetting, the government must prove that the defendant did aid and abet the crime, which in this case requires the government to show the defendant knew the driver of the car possessed cocaine with intent to distribute it and that the defendant assisted in the driver's plan to deliver the cocaine. *United States v. Pena,* 983 F.2d 71, 72 (6th Cir.1993). This court has recognized that "[d]rawing an exact line of sufficient participation [to support a conviction for aiding and abetting], especially in drug distribution cases, is difficult if not impossible." *United States v. Head,* 927 F.2d 1361, 1369 (6th Cir.1991) (quoting *United States v. Bryant,* 461 F.2d 912, 920 (6th Cir.1972)). Even if there is no evidence that a defendant touched or possessed the drug, the government may prevail if it shows the defendant acted or failed to act with the specific intent to facilitate commission of the offense by another individual. *Id.*

■ There was sufficient evidence to convict Castro–Perez of aiding and abetting the possession of cocaine with intent to distribute, given that over five kilograms of cocaine was discovered in the vehicle, Castro–Perez's brother controlled distribution of the cocaine, Castro–Perez accompanied Larios on three prior trips to transport cocaine, the individuals expecting shipment of the cocaine asked to speak to Castro–Perez when Larios answered the telephone, a magnet providing access to the hidden compartment slid off the seat in which Castro–Perez was sitting when he alighted from the van, and Castro–Perez never denied his involvement in transporting the cocaine during his questioning.

For the foregoing reasons, Castro–Perez's convictions are affirmed.