NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0853n.06

No. 11-1735

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Aug 07, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| OSCAR HARRIS, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Oscar Harris, who is represented by counsel, appeals his conviction for being a felon in possession of a firearm, following three serious felony convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

After an evidentiary hearing, the district court denied Harris's motion to suppress statements he made to the police and the case proceeded to trial. A jury subsequently convicted Harris of violating sections 922(g)(1) and 924(e). Although Harris's presentence report recommended an applicable sentencing guideline's range of 210 to 262 months of imprisonment, the district court sentenced Harris to 300 months of imprisonment.

On appeal, Harris argues that: 1) the district court erred when it denied his motion to suppress because his statements to the police were coerced and involuntary; 2) the district court erred when it denied his motion to dismiss the indictment based on selective prosecution; 3) the government failed to present sufficient evidence to support his § 922(g) conviction; and 4) his sentence is procedurally and substantively unreasonable.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Harris has waived his right to challenge the indictment on the grounds of selective prosecution because he did not file a pretrial motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1). *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006).

The district court did not err when it denied Harris's motion to suppress. When considering a district court's denial of a motion to suppress, "[w]e review the district court's findings of fact for clear error and its conclusions of law *de novo*." *United States v. Blair*, 524 F.3d 740, 747 (6th Cir. 2008). "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Garrido*, 467 F.3d 971, 977 (6th Cir. 2006) (citation and internal quotation marks omitted). We view the evidence "in the light most favorable to the party that prevailed in the court below—in this case, the government." *Id.*

Harris argues that the arresting officers placed him in a coercive setting following his arrest, without reading him his rights under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). He states that the allegedly threatening environment caused him to make incriminating statements. Harris's argument is unavailing because *Miranda* warnings are not triggered by the mere placement of an individual into an officer's custody. Rather, the warnings must be given before any interrogation begins. *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980); *United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003). During the suppression hearing, officers Ali Jaber and Brian Headapohl testified that they did not threaten Harris, promise him anything, or coerce him into making any statements. Instead, Jaber testified that Harris appeared nervous and that, during the two-minute drive to the police station, Harris blurted out the challenged statements. Given these facts, Harris failed to present sufficient evidence that the arresting officers engaged in any conduct or actions that would have amounted to an interrogation. *See Pennsylvania v. Muniz*, 496 U.S. 582, 600–01 (1990). Therefore, the officers were not obligated to provide Harris with a *Miranda* warning and the district court did not err when it denied his motion to suppress.

There was sufficient evidence to support Harris's conviction for being a felon in possession of a firearm. We review *de novo* a district court's denial of a motion for acquittal challenging the sufficiency of the evidence. *United States v. Howard*, 621 F.3d 433, 459 (6th Cir. 2010). In challenging the sufficiency of the evidence to support his conviction, Harris must show that, after construing the evidence in the light most favorable to the government, a rational trier of fact could not have found him guilty of the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Stafford*, 639 F.3d 270, 273 (6th Cir. 2011). When reviewing Harris's challenge, we do not re-weigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *Garrido*, 467 F.3d at 984. To obtain a conviction under § 922(g), the government was required to prove that: 1) the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; 2) the defendant possessed the firearm or ammunition; and 3) such possession was in or affecting interstate or foreign commerce. *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007).

The government presented the testimony of the arresting police officers, including Jaber and Headapohl, who stated that they chased Harris. They observed Harris remove a firearm from the right side of his waistband and toss it towards a fence. Jaber testified that he maintained a flashlight trained on Harris and never lost sight of him. Jaber also testified that he retrieved a loaded firearm and a magazine of ammunition near the area where Harris tossed the firearm. In addition, Harris advised the police that he was trying to protect himself and his girlfriend, which the jury was free to consider as an admission that he had possessed a firearm. Finally, a government witness testified that the firearm had been manufactured in Hungary and had traveled in interstate commerce.

Harris's arguments concerning the accuracy of the witnesses' testimony and his arguments concerning the lack of lighting at the scene of the arrest constitute a challenge to the credibility of the arresting officers. He asks us to re-weigh the evidence to conclude that the evidence was insufficient to support the jury's verdict. However, we do not re-weigh the evidence or re-evaluate witness credibility. *See Garrido*, 467 F.3d at 984. The evidence was sufficient to support Harris's conviction.

The district court's sentence was reasonable. We review sentences imposed by the district court for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include instances where a sentencing court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Id*. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). We review a sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009).

Under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "a district court is required to consult the sentencing range under the Federal Sentencing Guidelines for advisory purposes only." *United States v. Ely*, 468 F.3d 399, 403 (6th Cir. 2006). "The range is . . . treated as just one of the numerous factors that a district court must consider when sentencing a defendant, and the district court must also address the other factors provided for in section 3553(a)." *Id.* (internal quotation marks omitted).

Harris's argument that the district court erred when it counted three out-of-date prior convictions when calculating his criminal history score is reviewed for plain error only because he did not raise the issue in the district court. *See United States v. Simmons*, 587 F.3d 348, 354 (6th Cir. 2009). The district court did not err when it awarded Harris points for the challenged convictions because the sentences for those offenses were imposed on March 20, 2001, less than ten years before he committed the instant offense on July 4, 2010. *See* USSG § 4A1.2(e)(2).

The district court properly determined that Harris had the requisite number of predicate offenses to be sentenced under the Armed Career Criminal Act. The statute provides that a person who violates section 922(g) and has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another, shall be fined and imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1). Although Harris argues that his conviction for third-degree fleeing and eluding a police officer is not a crime of violence, he concedes that precedent in this Court holds that a violation of Michigan's "fleeing and eluding" statute is a crime of violence. *United States v. LaCasse*, 567 F.3d 763, 764 (6th Cir. 2009). Therefore, the district court properly counted the fleeing and eluding conviction.

The district court's sentence is also substantively reasonable. Harris argues that his sentence was greater than necessary to comply with the sentencing purposes set forth in section 3553(a). However, a review of the sentencing transcript reflects that the district court considered the relevant section 3553(a) factors when selecting Harris's sentence, including the seriousness of Harris's offense, the need to promote respect for the law, the need to provide just punishment, the need to provide deterrence, and the need to protect the public. Furthermore, the district court provided a sufficient rationale for its decision to sentence Harris above the recommended guideline's range when it determined that: 1) his extensive criminal history included offenses that subjected the public and law enforcement officers to risk of injury; 2) he had shown a complete lack of remorse for his conduct; and 3) he continued to represent a danger to the community because he possessed a firearm less than thirty days after being released from imprisonment.

The district court's judgment is affirmed.