**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TIMOTHY DEAN SMITH,
*Defendant-Appellant.*

No. 03-30533

D.C. No.
CR-02-60101-1-
ALA

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted
September 13, 2004—Portland, Oregon

Filed December 3, 2004
Amended April 27, 2005

Before: J. Clifford Wallace, Ronald M. Gould and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

Craig E. Weinerman, Assistant Federal Public Defender, Eugene, Oregon, for the defendant-appellant.

Frank R. Papagni, Jr., Assistant United States Attorney, Eugene, Oregon, for the plaintiff-appellee.

## ORDER

The court's opinion filed December 3, 2004, slip op. 16459, and appearing at 390 F.3d 661 (9th Cir. 2004), is hereby amended as follows:

1.  Line seven on slip op. 16467, after citation to *Bonat*, 106 F.3d at 1477, insert: "The Supreme Court has recently approved the use of a plea colloquy transcript. *See Shepard v. United States*, No. 03-9168, 544 U.S. ___, 2005 U.S. LEXIS 2205, at *7-8 (Mar. 7, 2005)."

2.  Line five of slip op. 16471, after "of this mandate," insert: "The Supreme Court has suggested that a court's reliance on a defendant's own admissions, as evidenced by a plea transcript, does not implicate the concerns underlying *Apprendi*. *See Shepard*, 2005 U.S. LEXIS 2205, at *23-26."

With these amendments, the panel has voted to deny the petition for panel rehearing. Judge Gould and Judge Bea have voted to deny the petition for rehearing en banc, and Judge Wallace so recommended. The full court has been advised of the petition for rehearing en banc, and no judge has requested

a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No subsequent petitions for rehearing or rehearing en banc may be filed.

---

**OPINION**

WALLACE, Senior Circuit Judge:

Smith appeals from his sentence because of the enhancement imposed by the district court pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He contends the district court improperly relied on statements made at a no contest plea hearing in concluding that an earlier state burglary conviction qualifies as a "violent felony" for purposes of the ACCA. In addition, Smith asserts that the district court engaged in fact-finding which violated the constitutional principle established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

I.

A federal indictment charged Smith with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and alleged that he qualified for a sentence enhancement as an Armed Career Criminal due to at least three prior burglary convictions in California. Smith pleaded guilty and admitted he had been convicted of the alleged prior offenses, but he reserved the right to challenge the constitutional, statutory, or factual validity of his prior convictions at sentencing.

The government submitted documentation regarding Smith's prior convictions for two burglaries in Placer County in 1984, two burglaries in Orange County in 1985, and a burglary in Sacramento County in 1993. The district court concluded that Smith's convictions in Sacramento County and Placer County qualified as "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii). As provided by section 924(e)(1), the court imposed the mandatory minimum sentence of fifteen years. Smith does not dispute the applicability of section 924(e)(2) to the two Placer County convictions. Therefore, the main issue addressed in this appeal is whether the Sacramento conviction qualifies as a violent felony.

For the Sacramento conviction, the government submitted the transcript of the plea hearing and the abstract of judgment. The judgment indicates that Smith was convicted of burglary in the first degree, in violation of California Penal Code § 459. The state court transcript establishes that at the change of plea hearing, the prosecutor stated the factual basis for the burglary charge:

> With regard to 92F07246, on the date set forth in the Complaint, in the County of Sacramento, the defendant willfully and unlawfully entered an inhabited dwelling occupied by Jennifer Smith located at 3624 Ronk, R-O-N-K, Way. Once inside he did take personal property belonging to her.

After the magistrate asked Smith's counsel if she "wish[ed] to comment on [the] factual basis," his counsel replied:

> No. The only comment is that he entered his former occupant [sic]. He entered his former home which he considered to be his current home. He had only been away for two days. The codes were changed. He went in and retrieved some of his personal items, all of which were still at his home, all personal items and toiletry of four years duration in that home. He

did, however, take some things he should not have that did not belong to him.

The magistrate then questioned Smith to ascertain whether he understood the consequences of his plea. After finding there was a factual basis for the plea, the magistrate found Smith guilty of first degree burglary.

We review de novo whether a conviction is a predicate felony for purposes of the ACCA. *United States v. Bonat*, 106 F.3d 1472, 1474 (9th Cir. 1997). We also review de novo whether the district court violated the constitutional rule articulated in *Apprendi*. *United States v. Pina-Jaime*, 332 F.3d 609, 611 (9th Cir. 2003).

## II.

**[1]** The ACCA requires a fifteen year minimum sentence for any person who violates the felon-in-possession prohibition of 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined to include burglary offenses which are punishable by more than one-year imprisonment. *Id.* § 924(e)(2)(B).

**[2]** In *Taylor v. United States*, 495 U.S. 575, 599 (1990), the Supreme Court established a generic definition of burglary for purposes of section 924(e)(2)(B): "[1] unlawful or unprivileged entry into, or remaining in, [2] a building or structure, [3] with intent to commit a crime." A court generally must apply a categorical approach at sentencing to determine whether a defendant was convicted of conduct which included these three elements of generic burglary. That is, it may "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.

**[3]** In this case, we first apply the *Taylor* categorical analysis to Smith's no contest plea. *See Bonat*, 106 F.3d at 1476

("It is well accepted that the *Taylor* analysis applies not only to convictions resulting from a jury finding of guilt, it also applies when the defendant has pled guilty"). California Penal Code § 459 provides in part that "[e]very person who enters any . . . building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." This definition expressly requires that a defendant have entered with the intent to commit a crime. *See United States v. Alvarez*, 972 F.2d 1000, 1005 (9th Cir. 1992) (per curiam) (stating that a conviction pursuant to section 459 requires that "the defendant had, at the time of entry, the intent to commit a crime"). Therefore, the fact of Smith's conviction pursuant to section 459 establishes the intent element of generic burglary.

**[4]** Section 459 does not, however, require that the entry be unlawful, nor does it require that the entry be into a building. *See Taylor*, 495 U.S. at 591 (stating that "California defines 'burglary' so broadly as to include shoplifting and theft of goods from a 'locked' but unoccupied automobile" and citing California Penal Code § 459); *United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir. 2000) ("We have previously and unequivocally held that California Penal Code section 459 is far too sweeping to satisfy the *Taylor* definition of generic burglary"). Thus, applying a categorical analysis, these elements of generic burglary are not satisfied.

**[5]** Yet, "in a narrow range of cases" where a factfinder "was actually required to find all the elements of generic burglary," a court may apply a modified categorical approach and look "beyond the mere fact of conviction." *Taylor*, 495 U.S. at 602. Although the court may not inquire into the underlying facts of the conviction, *Bonat*, 106 F.3d at 1475, it may examine "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (quoting *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir. 1999)). The record must "unequivocally" establish that the

defendant was convicted of the generic crime. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc).

**[6]** The record here consists of the transcript of the plea hearing and the abstract of judgment. In *Bonat*, we held that "examining the plea transcript was not an impermissible factual inquiry" by the district court. 106 F.3d at 1474. We reasoned that considering an oral admission that was later transcribed entailed no more of a factual inquiry than examining a signed plea statement, which was permitted in *United States v. Sweeten*, 933 F.2d 765, 769 (9th Cir. 1991) (per curiam). *Bonat*, 106 F.3d at 1477. The Supreme Court has recently approved the use of a plea colloquy transcript. *See Shepard v. United States*, No. 03-9168, 544 U.S. ___, 2005 U.S. LEXIS 2205, at *7-8 (Mar. 7, 2005). We have also allowed a court to consider a judgment of conviction. *E.g.*, *United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1248 (9th Cir. 2003). Therefore, although courts are "limited to consulting a narrow and carefully specified set of documents" when applying the modified categorical approach, *United States v. Pallares-Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004), the documents in the record here are clearly appropriate for review. *See Franklin*, 235 F.3d at 1170 n.5 (listing documents which a sentencing court may consider).

**[7]** In determining that this record clearly established the elements of generic burglary, the district court reasoned that the factual basis for the charge, as set forth by the prosecutor at the change of plea hearing, expressly stated that Smith "unlawfully entered an inhabited dwelling." Furthermore, when specifically asked to comment, defense counsel did not object to this statement; rather, she explained that Smith had entered his "former home" where the "codes were changed." We conclude that these statements unequivocally establish that Smith was convicted of unlawfully entering a building.

**[8]** Smith argues that the lack of a charging document in the record prevents consideration of the change of plea tran-

script. Although the various combinations of documents identified as permissible in *Corona-Sanchez,* 291 F.3d at 1211, all included a charging document, we do not read our opinion as establishing a per se requirement. We have "interpreted *Taylor*'s edict to include examination of 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, *or* the transcript from the plea proceedings.' " *Rivera-Sanchez*, 247 F.3d at 908 (alteration in original) (emphasis added) (quoting *Casarez-Bravo*, 181 F.3d at 1077). Indeed, we have held that a court errs if it fails to consider such documentation. *See Franklin*, 235 F.3d at 1170.

Moreover, although the district court in *Bonat* considered the Information and the Sentence of Imprisonment from the defendant's prior burglary convictions in Arizona, it "primarily relied on [the defendant]'s statements from the . . . change of plea proceedings." *Bonat*, 106 F.3d at 1476. Without the change of plea transcript, the record was insufficient because neither of the other documents established the requisite "intent" element. *Id.* Here, the district court reviewed both the abstract of judgment and the plea transcript, and it properly relied primarily on the latter to establish the elements of (1) unlawful entry (2) into a building. *See also United States v. Hernandez-Hernandez*, 387 F.3d 799, 805 (9th Cir. 2004) ("[The district court] did no more than we previously have allowed by looking at the plea colloquy transcript . . . ; it relied on readily available facts to which both sides expressly stipulated that clearly fit within the statutory definition of a crime of violence"). A charging instrument in this particular case is simply unnecessary.

**[9]** Alternatively, Smith argues that the district court erred in relying on the stated factual basis because he entered a "no contest" plea rather than a guilty plea. However, in *United States v. Williams*, 47 F.3d 993, 995 (9th Cir. 1995), the defendant pleaded nolo contendere — or "no contest" — to

charges that he " 'did willfully and unlawfully enter [a] residence,' " and we held that "[w]hen a defendant pleads guilty (or as here, pleads *nolo contendere*) to facts stated in the conjunctive, each factual allegation is taken as true." *See also United States v. Stephens*, 237 F.3d 1031, 1033-34 (9th Cir. 2001) (two burglary convictions entered pursuant to the defendant's nolo contendere pleas qualified as "violent felonies" pursuant to the ACCA, even though the state's definition of "burglary" did not require entry into a building, because the "indictments clearly refer[red] to burglaries of 'buildings' within the scope of the definition of 'burglary' provided by *Taylor*"); CAL. PENAL CODE § 1016 ("The legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes").

[10] Although in *Williams* the defendant pleaded nolo contendere to a charging instrument and the record here does not include such an instrument, the district court may rely on the undisputed factual basis as stated at the plea hearing to support the ACCA enhancement. In *United States v. Palmer*, 68 F.3d 52, 53 (2d Cir. 1995), the Second Circuit considered whether a conviction entered pursuant to a nolo contendere plea constituted a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(1). The Information merely stated, "without elaboration," that the defendant had committed "the crime of intimidation based on bigotry and bias . . . in violation of General Statute No. 53a-181b." *Id.* at 56. However, the court held that "the plea proceeding includes a lucid description of the conduct for which Palmer was convicted, that conduct manifestly constitutes a 'crime of violence' . . . , and Palmer's on-the-record agreement to the description of his conduct proffered by the prosecuting attorney results in the functional equivalent of a plea agreement with respect to that conduct." *Id.* at 59; *see also United States v. Etimani*, 328 F.3d 493, 503-04 (9th Cir. 2003) (holding that the record did not establish that a prior conviction was for a "sexual act" for purposes of the 18 U.S.C. § 2241(c) sentence enhancement, but

remarking that "a transcript of Etimani's plea of no-contest might have clarified the exact nature of his prior conviction, but none was provided").

**[11]** The reasoning in *Palmer* is persuasive. As applied to this case, the factual basis stated by the prosecutor clearly establishes that Smith "unlawfully entered an inhabited dwelling," and Smith conceded this fact through his counsel, who did not object when asked to comment. On the contrary, Smith's counsel confirmed this fact when she stated that Smith had entered his "former home" even though the "codes were changed." Smith is bound by his counsel's statement. *See Hernandez-Hernandez*, 387 F.3d at 806 ("There is no authority to support the proposition that when Hernandez-Hernandez's attorney stipulated to the factual basis supporting the plea agreement the defendant was not bound by the facts contained in that stipulation. In fact, we have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority.").

**[12]** Thus, we hold that this record unequivocally establishes that Smith's conviction by plea encompassed the three elements of the *Taylor* definition of generic burglary.

## III.

**[13]** Smith argues the district court's examination of his prior convictions violated the rule established in *Apprendi*: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

**[14]** However, we have repeatedly rejected *Apprendi* challenges to the ACCA. *See United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004) (citing *Summers* and summarily rejecting claim that *Apprendi* entitled Keesee to a jury trial to

determine whether prior convictions qualified as predicate offenses under the ACCA); *United States v. Summers*, 268 F.3d 683, 689 (9th Cir. 2001) (rejecting facial challenge to ACCA based on *Apprendi*); *see also United States v. Tighe*, 266 F.3d 1187, 1191 (9th Cir. 2001) (rejecting facial challenge to ACCA based on *Apprendi*).

**[15]** Smith, however, contends that the district court determined more than the "fact of a prior conviction" in his case because it employed the modified categorical approach. But, *Taylor* prohibits "inquiry into the underlying facts of the conviction," even when applying the modified categorical approach, *Bonat*, 106 F.3d at 1475, and the district court did not run afoul of this mandate. The Supreme Court has suggested that a court's reliance on a defendant's own admissions, as evidenced by a plea transcript, does not implicate the concerns underlying *Apprendi*. *See Shepard*, 2005 U.S. LEXIS 2205, at *23-26. We therefore reject this argument.

**[16]** Finally, the Supreme Court's recent decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), does not undermine the *Apprendi* exception for sentence enhancements triggered by "the fact of a prior conviction." As we recently explained in *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004), "*Blakely* does nothing to upset this well-settled rule."

IV.

For the reasons stated above, we conclude that the district court did not err in determining that Smith's conviction for the burglary in Sacramento qualifies as a "violent felony" for purposes of the ACCA enhancement. We also conclude that the district court did not find facts in violation of the *Apprendi* rule. We therefore affirm the sentence imposed by the district court.

AFFIRMED.