**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Douglas AVERY, Defendant—
Appellant.**

No. 04–10280.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 3, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

R. Don Gifford, II, USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Paul G. Yohey, Esq., Reno, NV, for Defendant–Appellant.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

**MEMORANDUM ***

David Avery was convicted for being a felon in possession of a firearm, enhanced by the Armed Career Criminal provisions, and now appeals the denial of his motion to suppress the handgun. For the reasons below, we affirm but grant a limited *Ameline* remand.

■ Considering the totality of the circumstances, the police officer had reasonable suspicion to effect a *Terry* stop of Avery. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The casino security guard had informed the officer of Avery's suspicious behavior, and the officer independently observed Avery's fanny pack and suspected it contained a handgun. These facts, in context, provided the officer with sufficient reasonable suspicion to effect the *Terry* stop.

■ After considering the factors in *Washington v. Lambert*, 98 F.3d 1181, 1189–90 (9th Cir.1996), we conclude the officer's act of handcuffing Avery did not convert the *Terry* stop into an arrest. First, Avery did not cooperate with the officer. Second, Avery kept looking from side to side and attempted to break the officer's hold, which indicate a reasonable possibility of flight. Third, the officer suspected Avery was carrying a concealed firearm, which creates a reasonable possibility of danger. Finally, when the officer initiated the *Terry* stop, he was the only officer at the scene. Considering the totality of these factors, it was reasonable for the officer to handcuff Avery, and thus the act of handcuffing Avery did not convert the *Terry* stop into an arrest.

■ The admission of Avery's prior convictions under the Armed Career Criminal Act did not violate *Apprendi.* "[W]e have

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

repeatedly rejected *Apprendi* challenges to the ACCA." *United States v. Smith,* 390 F.3d 661, 666 (9th Cir.2004).

The district court sentenced Avery before the United States Supreme Court held the Sentencing Guidelines were advisory in *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). The record does not indicate how the district court would have proceeded if it had known the Guidelines were merely advisory. Thus, we grant a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

AFFIRMED IN PART; REMANDED IN PART.