**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ladel Baptiste HARRISON,**
**Defendant—Appellant.**

**No. 05–30314.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 2006.

Decided May 8, 2006.

**5.** *See id.*

Pamela Jackson Byerly, Esq., USSP—Office of The U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Leslie R. Weatherhead, Esq., Witherspoon, Kelley, Davenport and Toole, Spokane, WA, for Defendant–Appellant.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Ladel Baptiste Harrison appeals his conviction of the offense of felon in possession of a firearm, 18 U.S.C. § 922(g), and his sentence under the Armed Career Criminal Act ("ACCA") on six grounds. We affirm.

First, the appellant argues that the district court erred when it refused to instruct the jury that he faced a mandatory sentence of fifteen years to life if convicted. We have repeatedly held, however, that district judges should not instruct juries on the sentencing consequences of a

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

verdict when the juries have no role in fixing punishment. *See, e.g., United States v. Frank*, 956 F.2d 872, 880–82 (9th Cir. 1991).

Second, the appellant argues that the felon in possession statute is unconstitutional both on its face and as applied because it exceeds Congress's power under the Commerce Clause. The facial challenge is foreclosed. *See United States v. Dorsey*, 418 F.3d 1038, 1046 (9th Cir.2005); *United States v. Carrasco*, 257 F.3d 1045, 1053 (9th Cir.2001). The as-applied challenge also fails. The evidence adduced at trial of the connection between interstate commerce and the firearm that Harrison allegedly possessed is more than sufficient to establish that the statute's application to the appellant does not violate the Commerce Clause. *See United States v. Gonzales*, 307 F.3d 906, 914 (9th Cir.2002).

Third, the appellant argues that the district court erred in admitting evidence relating to the firearm obtained as a result of the search of Rebekah Durham's apartment. The law enforcement officers who conducted the search had probable cause to believe that Harrison lived there as a result of a corroborated tip from a confidential informant who had proven reliable in the past, and because of Durham's own statements. *See United States v. Elliott*, 322 F.3d 710, 715–16 (9th Cir.2003); *United States v. Angulo–Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986). Through the confidential informant, the law enforcement officers also had reliable information that the appellant had violated, or was in the process of violating, the conditions of his supervised release, in part by maintaining a weapon at his place of residence. Because the law enforcement officers conducted the search pursuant to a validly imposed condition of supervised release and because they had both probable cause to believe that the appellant lived in the

apartment to be searched and reasonable suspicion that he was engaged in wrongdoing, the search did not violate the Fourth Amendment. *See Motley v. Parks*, 432 F.3d 1072 (9th Cir.2005) (en banc).

Fourth, the appellant argues that the statements he made concerning his possession of the firearm were not given voluntarily. The district court's finding to the contrary is not clearly erroneous. *See United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir.1998). In the absence of any evidence of threats or promises, there was no basis for suppressing the confession on the ground that it was the result of psychological coercion. *See United States v. Bautista*, 362 F.3d 584, 592–93 (9th Cir. 2004); *United States v. Tingle*, 658 F.2d 1332, 1335–37 (9th Cir.1981).

Fifth, the appellant argues that he was improperly sentenced as an armed career criminal. His contention that a defendant must have at least four prior felony convictions in order to be subject to the sentencing enhancement under ACCA is erroneous. *See, e.g., United States v. Smith*, 390 F.3d 661 (9th Cir.2004) (finding the defendant qualified for the ACCA sentencing enhancement on the basis of three prior felonies); *United States v. Wofford*, 122 F.3d 787 (9th Cir.1997) (same). The appellant has three prior felony convictions that qualify as predicate offenses under ACCA, and he was therefore properly sentenced under that statute. Under Washington law, second degree assault with a deadly weapon, one of the crimes of which the appellant was convicted, is categorically a "violent felony." Second degree assault with a deadly weapon—prohibited by Revised Code of Washington ("RCW") 9A.36.021(c)—necessarily involves the use of a device which "under the circumstances in which it is used, . . . is readily capable of causing death or substantial bodily harm."

*See State v. Skenandore,* 99 Wash.App. 494, 994 P.2d 291, 293 (2000) (quoting RCW 9A.04.110(6)). Accordingly, the offense *ex ante* presents "a serious potential risk of physical injury to another," and qualifies as a violent felony under the categorical approach. *See Wofford,* 122 F.3d at 792–94. The appellant's second degree assault with a deadly weapon conviction combined with his two drug convictions (which, he concedes, qualify as predicate offenses under ACCA) constitute the requisite three predicate offenses.

■ Finally, the appellant argues that his prior felony convictions must be pled in the indictment or proven to a jury beyond a reasonable doubt before his sentence can be enhanced pursuant to ACCA. We have repeatedly rejected this argument. *See, e.g., Smith,* 390 F.3d at 667.

Accordingly, the appellant's conviction and sentence are AFFIRMED.