**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Horatio Demarious SMITH,**
**Defendant–Appellant.**

**No. 06–10078.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2006 *.

Filed Dec. 1, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Glynn Burroughs Cartledge, Esq., Law Offices of Glynn Burroughs Cartledge, Reno, NV, for Defendant–Appellant.

Before: NOONAN, COX **, and PAEZ, Circuit Judges.

### MEMORANDUM ***

Horatio Demarious Smith originally pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). He withdrew his plea, however, after realizing that the plea agreement would not protect him from being sentenced as a career offender pursuant to the United States Sentencing Guidelines ("Guidelines") § 4B1.1. The jury convicted Smith on both counts.

On appeal, Smith challenges his convictions and his sentences. He argues that: (1) the evidence that the banks were FDIC insured was insufficient to prove that element of the crimes; (2) the district court did not make the findings required by Federal Rule of Criminal Procedure 32(i)(3)(B); (3) the district court erred in sentencing him as a career offender because it erroneously found that he had three prior convictions for felony crimes of violence; and (4) the district court erred in denying him a downward adjustment for acceptance of responsibility. We affirm the convictions and sentences.

A review of the record demonstrates that the bank employees' testimony and the documentary evidence of FDIC insurance admitted at trial were sufficient for a rational jury to determine that the banks were, in fact, FDIC insured at the time of the robbery.

■ At the sentencing hearing, the district court satisfied the Rule 32 requirement that a court "must—for any disputed portion of the pre-sentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary....," Fed.R.Crim.P. 32(i)(3)(B), when it ruled that the documents submitted by the Government were sufficient to prove that Smith had committed prior violent crimes.

■ To the extent that Smith argues that the court violated his Sixth Amendment right to trial by jury by determining that the prior convictions were for crimes of violence rather than submitting the question to a jury, that argument fails. This court has held that, so long as a district court considers only those docu-

** The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ments in the judicial record, the determination of whether prior convictions are crimes of violence for purposes of § 4B1.1 is a question of law, properly answered by a judge rather than by a jury. *See United States v. Brown,* 417 F.3d 1077, 1079–80 (9th Cir.2005). Here, the court properly considered the judgments of conviction, the statements Smith made on the occasions of his pleas, and the charging documents. *See United States v. Smith,* 390 F.3d 661, 664–65 (9th Cir.2004); *United States v. Franklin,* 235 F.3d 1165, 1170 n. 5 (9th Cir.2000). Those documents sufficiently demonstrate that each of the three convictions identified by the district court "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

 Smith also argues that the career offender determination was in error because the Government did not submit copies of the state statutes of which Smith had been convicted. Because he did not raise this objection at sentencing, we review for plain error and find none. Each of the judgments of conviction upon which the district court based its findings cited the state statute that Smith had violated. The elements of each of the crimes could be discerned by reference to the publicly available statute. That, paired with evidence that the defendant was actually convicted of the crimes, was enough. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990) (a court may look "to the fact of conviction and the statutory definition of the prior offense."). There was no dispute at sentencing over what the statutes said. Therefore, it was not necessary for the Government to present copies of the statutes to the court at the time of sentencing.

Finally, the record in this case does not demonstrate that the district court clearly erred when it refused to find that Smith accepted responsibility for his offense. Indeed, Smith not only put the Government to its proof at a trial but also challenged the sufficiency of the evidence of his identity on a motion for acquittal. Smith argues that he was forced to go to trial in this case so as to preserve his arguments that he should not be sentenced as a career offender. But there is no evidence to support his assertion. Smith could have stipulated to his guilt and still reserved his sentencing arguments. *See, e.g., Smith,* 390 F.3d at 662 (noting that the defendant pled guilty but reserved the right to challenge his sentence pursuant to the ACCA). Had he done so, he may have been entitled to the acceptance of responsibility adjustment. On this record, the district court did not clearly err in finding that he was not.

AFFIRMED.