**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Aaron E. BROWN, Defendant–
Appellant.**

**No. 06–30336.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 21, 2007.

Helen J. Brunner, Esq., Andrew C. Friedman, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Carol A. Elewski, Esq., Tumwater, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

After pleading guilty to a violation of 18 U.S.C. § 922(g), Aaron Brown appeals the district court's imposition of his sentence. Brown argues that the district court erred when it applied the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in sentencing him. We affirm.

Under the ACCA, the government must demonstrate that the defendant committed three qualifying violent felonies or serious drug offenses in order for the district court to apply the Act's enhanced penalties. 18 U.S.C. § 924(e). Brown does not contest the district court's determination that his prior conviction for arson qualifies as a predicate felony. He argues that his three prior convictions for burglary do not qualify as "violent felonies" within the meaning of the ACCA and *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Because the Washington statutes under which Brown was convicted are broader than the *Taylor* definition of a generic burglary that qualifies as a violent felony, we apply *Taylor's* modified categorical analysis in addressing his claim. *See United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003).

The record unequivocally establishes that two of the three burglaries are generic burglaries that may be used to enhance Brown's sentence. *See United States v. Smith*, 390 F.3d 661, 663–64 (9th Cir.2004). In reaching this conclusion, we rely only on Brown's signed guilty plea and Brown's admissions during the plea colloquy.[1] *See United States v. Bonat*, 106 F.3d 1472, 1476–77 (9th Cir.1997).

In pleading guilty to one of the counts of burglary, Brown specifically admitted to entering an apartment, which he referred to as a "residence" with a street address. He also stated that this structure had a staircase, implying that the structure had multiple stories. These admissions suffice to demonstrate that the burglary was of the type of structure or building that falls within generic burglary. *Smith*, 390 F.3d at 665; *United States v. Guerrero–Velasquez*, 434 F.3d 1193, 1197 (9th Cir.2006) (as amended).

In pleading guilty to another count of burglary, Brown admitted to burglarizing a "store" with a window, a fixed street address, and an alarm with wires. He also admitted that the window was large enough for one person to enter and that the structure as a whole was large enough for two people to remain inside at the same time. These facts establish that Brown committed a second generic burglary. *See Taylor*, 495 U.S. at 599, 110 S.Ct. 2143; *United States v. Sparks*, 265 F.3d 825, 835–36 (9th Cir.2001).

Because Brown's uncontested prior conviction for arson and two of the three predicate burglaries constitute violent felo-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we rely only on the guilty plea and the plea colloquy, we do not reach the question of whether Brown pleaded guilty to the original information provided in the record or an amended information.

nies for the purposes of the ACCA, we affirm.

**AFFIRMED.**