MEMORANDUM **
Defendant-Appellant, Tomas Guzman-Flores, appeals the sentence imposed for his judgment of conviction entered in the District Court on February 6, 2007, for being present in the United States after having been deported, in violation of 8 U.S.C. § 1326. Guzman-Flores claims that (1) the District Court erred by imposing a sixteen-level crime-of-violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(A)(ii) based on Guzman-Flores’s conviction, prior to his deportation, of criminal sexual penetration, because he was not convicted under any categorical crime of violence and no judicially noticeable documents established, based on the specific facts of his offense, that he was convicted of a crime of violence; (2) Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that the applicable statutory maximum sentence was two years incarceration because the date of his deportation was not alleged in the indictment; and (3) the District Court’s judicial finding of the date of deportation was erroneous under Ap-prendi.
On March 6, 1995, in New Mexico state court, Guzman-Flores pled guilty without allocuting to the facts, pursuant to North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (accepting as constitutionally firm a guilty plea unaccompanied by an express admission of guilt as to the criminal act), to three counts of criminal sexual penetration, one count of kidnapping, and one count of intimidation of a witness. On August 6, 1999, after having been released from prison, Guzman-Flores was deported from the *33 United States. In sentencing Guzman-Flores, the District Court based the sixteen-level crime-of-violenee enhancement on Guzman-Flores’s conviction for criminal sexual penetration, in violation of N.M. Stat. Ann. § 30 — 9—11(C)(2), finding that the criminal sexual penetration statute described a categorical crime of violence.
The government has abandoned any argument that N.M. Stat. Ann. § 30-9-11(C)(2) describes a categorical crime of violence. It instead argues that Guzman-Flores’s sentence may be affirmed based on his contemporaneous conviction for felony kidnapping, in violation of the former N.M. Stat. Ann. § 30-4-1 (1994). Guzman-Flores replies that New Mexico’s felony kidnapping statute does not support a crime-of-violence enhancement because that statute, as applied by the New Mexico courts, defines kidnapping more broadly than the generic definition of kidnapping as set forth by this Court.
As the government apparently concedes, the District Court erred by imposing the sixteen-level enhancement based on Guzman-Flores’s conviction for criminal sexual penetration. By relying on Guzman-Flores’s sexual penetration offense as a “crime of violence” triggering the sentencing enhancement in U.S.S.G. § 2L1.2, the district court improperly determined the appropriate Guidelines sentence. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); United States v. Carty, 520 F.3d 984 (9th Cir.2008) (en banc). Whether Guzman-Flores’s conviction for felony kidnapping, in violation of N.M. Stat. § 30-4-1 (1994), could support the crime of violence enhancement under U.S.S.G. § 2L1.2(b)(A)(ii) is not properly before us at this juncture, as the district court did not rely on that conviction in its Guidelines calculation. We therefore vacate Guzman-Flores’s sentence and remand for resentencing, without prejudice to any Guidelines argument the government may make on remand based on the felony kidnapping conviction.
The government concedes that the District Court erred by making a judicial finding that Guzman-Flores’s prior conviction pre-dated his deportation. The government argues, however, that uncontro-verted evidence later established that Guzman-Flores’s deportation occurred on August 6, 1999, after his prior conviction, and the District Court’s error was therefore harmless. We review this issue de novo, see United States v. Smith, 390 F.3d 661, 663 (9th Cir.2004) (“We ... review de novo whether the district court violated the constitutional rule articulated in Ap-prendi”), and we agree that the District Court’s error was harmless, see United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th Cir.2006) (holding that Apprendi error is harmless “if the court finds beyond a reasonable doubt that the result would have been the same absent the error” (internal quotation marks and citation omitted)).
The sentence is VACATED. REMANDED for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.