FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50615 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01365-IEG |
| v. | |
| ALONSO CHAVEZ-GONZALEZ, etc. | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted October 11, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

Appellant Alonso Chavez-Gonzalez ("Chavez") appeals from the denial by the district court of his Motion to Dismiss the Indictment. The Indictment charged Chavez under 8 U.S.C. § 1326(a) and (b) with being a deported alien, previously removed to Mexico, who was later found in the United States without permission. Chavez argues that the Indictment should have been dismissed because two orders removing him, in 2000 and 2005, were invalid, since they were based on the erroneous conclusion by immigration officials that his prior conviction of possession for sale of a controlled substance under California Health and Safety Code § 11351 was for a substance listed in the federal Controlled Substances Act, and an aggravated felony. Chavez claims the record does not establish that the controlled substance at issue in his prior conviction was cocaine.

Chavez entered a conditional guilty plea to the Indictment, retaining the right to appeal the denial of the Motion to Dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

** The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, Dallas, sitting by designation.

We review the denial of a Motion to Dismiss an Indictment *de novo* "when the motion is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006)(citations omitted). We review the District Court's factual findings for clear error. *Id*.

This Court has held that in a criminal prosecution under 8 U.S.C. § 1326, the Fifth Amendment "requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001)(citations omitted). Therefore, an underlying deportation may be collaterally attacked in a criminal proceeding.

The district court correctly applied the modified categorical approach to evaluate the underlying conviction. Here, the judicially noticeable documents include the criminal information, the abstract of judgment, the minute order, and the transcript of Chavez's plea hearing.

Count 1 of the state court criminal information, to which Chavez pled no contest, charged Chavez with possession for sale of "a controlled substance, to wit, cocaine." The abstract of judgment reflected a conviction for possession of a controlled substance for sale. The minute order indicated that Chavez pled nolo

3

contendere to Count 1. The transcript of the plea hearing before the trial court connects these documents. The transcript demonstrates that in response to the prosecutor's description of the charge as possession for sale of a controlled substance, "in this case cocaine," Chavez pleaded "no contest," which he expressly acknowledged knowing was the same as a guilty plea. Under the modified categorical approach, these documents in the record of conviction demonstrate that Chavez was convicted of possession for sale of cocaine. These documents also corroborate an admission Chavez made to the Immigration Judge during the pleading stage of his 2000 hearing, and that admission can be used by an Immigration Judge to find removability. *Perez-Mejia v. Holder*, --- F.3d ----, 2011 WL 5865888 (9th Cir. 2011). All of these documents were properly considered by the district court, and are sufficient to demonstrate that Chavez was convicted of possession for sale of cocaine, a substance listed in the federal Controlled Substances Act, and an aggravated felony.

Chavez argues that he did not admit the factual basis of his conviction by pleading no contest, and, therefore, he claims his admission during the state court plea hearing cannot be relied upon to demonstrate that the substance involved was cocaine. However, whether or not Chavez admitted to *committing* the crime is not the relevant inquiry for removal of him as an aggravated felon; for purposes of

4

establishing removability under immigration law, the record must demonstrate that "the defendant was in fact *convicted* of a crime that met the definition of aggravated felony." *Sandoval-Lua v. Gonzalez,* 499 F.3d 1121, 1129 (9th Cir. 2007)(internal citation and quotations omitted)(emphasis added). As discussed above, an analysis of the record under the modified categorical approach makes clear that Chavez's conviction was for possession of cocaine, as charged in the information. Therefore, he was subject to removal.

In *United States v. Smith*, this Court used the modified categorical approach in examining a sentence enhancement under the Armed Career Criminal Act. *United States v. Smith*, 390 F.3d 661 (9th Cir. 2004). In *Smith*, the defendant pleaded nolo contendere to a burglary charge, and this Court looked at the transcript of the plea colloquy to determine the facts of the offense, as described by the prosecutor at the hearing, and to which the defendant pled nolo contendere. This Court reasoned that when a defendant pleads nolo contendere, each factual allegation to which a defendant pleads is taken as true for purposes of an analysis under the modified categorical approach. *Smith*, 390 F.3d at 665-66 (citing *United States v. Williams*, 47 F.3d 993, 995 (9th Cir.1995)). As in *Smith*, in this case Chavez pleaded no contest to specific facts that the prosecutor stated during the hearing, namely that the charge of possession for sale of a controlled substance was

5

"in this case cocaine." Under *Smith*, this Court must accept that fact as true when conducting its analysis under the modified categorical approach, regardless of the fact that Chavez's plea was nolo contendere instead of guilty.

The facts shown by the record demonstrate that the substance which Chavez admitted to possessing for sale was cocaine. In addition to the proof in the record of his conviction, during the pleading stage of the 2000 removal proceeding, Chavez admitted that he was convicted of possession for sale of cocaine, as alleged in the Notice to Appear. The second removal proceeding, in 2005, was based on the 2000 proceeding. Under *Perez-Mejia* and *Pagayon v. Holder*, --- F.3d ----, 2011 WL 6091276 (9th Cir. 2011), Chavez's admission before the Immigration Judge at the pleading stage was properly considered under the modified categorical approach and further supports the district court's decision. Thus, the district court properly denied Chavez's Motion to Dismiss the Indictment.

**AFFIRMED.**