*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0010P (6th Cir.)
File Name: 02a0010p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

    *v.*

FRANK D. MATTHEWS,
      *Defendant-Appellant.*

No. 00-5528

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-00012—Aleta A. Trauger, District Judge.

Argued: October 30, 2001

Decided and Filed: January 10, 2002

Before: KEITH, KENNEDY, and BATCHELDER, Circuit
Judges.

_____

## COUNSEL

**ARGUED:** C. Douglas Thoresen, FEDERAL PUBLIC
DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant.
Terry J. Haycox, Nashville, Tennessee, for Appellee.
**ON BRIEF:** C. Douglas Thoresen, FEDERAL PUBLIC
DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant.
Debra Teufel Phillips, ASSISTANT UNITED STATES
ATTORNEY, Nashville, Tennessee, for Appellee.

1

―――――――――

**OPINION**

―――――――――

KENNEDY, Circuit Judge.  Defendant appeals the denial of his motion to suppress evidence obtained incident to his arrest and his sentence imposed pursuant to the Armed Career Criminal Act (ACCA), making a Fourth Amendment argument as to the former and a Fifth Amendment argument as to the latter.  After the denial of his motion to suppress, defendant pled guilty to possession of a firearm by a felon conditioned on his right to appeal the denial.

The standards of review for sentencing and suppression decisions are the same.  We review district court findings of law *de novo* and findings of fact for clear error.  *See U.S. v. Guimond*, 116 F.3d 166, 169 (6th Cir. 1997); *U.S. v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997).

Applying these standards of review, we affirm the district court's denial of the motion to suppress and the sentence imposed upon the defendant.

## I.  Factual Background

Because the district judge is in the best position to weigh the credibility of witnesses, we accept her version of the facts as being without "clear error" and recount them here.  Indeed, the material facts are not in dispute.

On the night he was arrested, defendant was walking down Settle Court, a private street in a public housing project in Nashville, Tennessee.  The project was in a high crime area.  No-trespassing signs were posted on the property.  On September 4, 1998 at 12:30 a.m., Officer Bryan Elston was patrolling the area and focused his attention on the defendant because the defendant appeared to be watching the police cruiser closely.  App. at 186.  From his marked police car, Officer Elston yelled to the defendant, "Hey, buddy, come here."  App. at 187.  The defendant quickened his pace.

and district and circuit courts should not overrule its decisions. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997). Defendant's precise argument concerning the effect of *Apprendi* on *Almendarez-Torres* has been rejected by at least one other court. *See U.S. v. Powell*, 109 F.Supp.2d 381 (E.D. Pa. 2000), *vacated on other grounds*, 269 F.3d 175 (3rd Cir. 2001).

The judgment of the district court is affirmed.

Officer Elston called out again and got out of his car. Defendant began to run, running to an apartment belonging to one Ms. Mayes, whom he did not know and by whom he was not invited. App. at 188. Ms. Mayes, who was standing in her doorway, was knocked down by his entry. App. at 188. Officer Elston tackled the defendant in the apartment. The gun was found under a piece of furniture in the apartment.

The district court found that while Officer Elston lacked reasonable suspicion to conduct an investigative stop prior to calling to the defendant, the fact that the defendant committed crimes (assault, trespassing, etc.) during his flight provided the probable cause to arrest him and search his person. After the conditional guilty plea, the district court sentenced the defendant under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## II. Suppression Order

We affirm the district court's decision to deny the defendant's motion to suppress the firearm found near his person. We agree with the district court that once he began to run, and committed the crimes of trespassing, breaking and entering, and assault, the defendant was subject to arrest and search. This finding is consistent with our holding in *United States v. Pope*, 561 F.2d 663, 668 (6th Cir. 1977) that "flight in the face of a clear showing of lawful authority supplie[s] . . . a reasonabl[e] susp[icion] that [the suspect] was engaged in criminal activity."

Defendant argues that the officer provoked the defendant's flight, and asserts that this provocation somehow made any subsequent search illegal. Essentially, defendant's argument asserts that the defendant's subsequent crimes were not sufficient to justify his arrest because they would not have occurred if the officer had not called out to the defendant to come to him. We reject this argument. The officer did nothing illegal; his question was entirely valid and provides no defense for subsequent criminal activity. Such a statement did not "provoke" and therefore does not insulate defendant

from the consequences of his entry into a stranger's apartment.

Moreover, the defendant slightly misrepresents the district court's finding as to the initial stop. The judge was reluctant to accept the officer's characterization of his initial contact with the defendant as a *Terry* stop. The judge assumed it was such a stop, and that there was no reasonable suspicion at the time, only because that did not affect her overall finding as to the admissibility of the evidence. If her finding on that issue had been determinative, as the defendant suggests it should be, the judge might have been more definitive in her assessment of whether the officer's simple request to come here, in response to which the defendant could have politely declined to do so, and walked away, constituted a "stop." The officer did not order the defendant to stop. The defendant was in no sense "detained" by the officer's request that he come hither. The Supreme Court has found that seizure begins after a suspect is tackled in similar factual circumstances. *California v. Hodari D*, 499 U.S. 621, 624 (1991) (no seizure in attempted stop if the defendant does not submit).

### III. Sentencing Calculation

The district court sentenced defendant to fifteen years, finding he had three prior violent felonies. The defendant makes two arguments concerning his sentencing calculation. First, he argues that his prior conviction in Tennessee for reckless aggravated assault does not count as a "violent felony" such that he is eligible for sentencing under the Armed Career Criminal Act. Second, he argues that *Apprendi v. New Jersey,* 120 S.Ct. 2348 (2000) effectively renders the ACCA unconstitutional by undermining the foundation of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Supreme Court held that an indictment need not allege a prior conviction if it is relevant only to sentencing. We disagree on both counts.

The defendant's first claim is that one of his prior convictions, for reckless aggravated assault, does not count as

a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). 18 U.S.C. § 924(e)(2)(B) defines violent felony as a crime one of the elements of which is the "use, attempted use of physical force against another person," or "burglary, arson" or the use of explosives, or "involves conduct that presents a serious potential risk of statutory injury to another." Reckless aggravated assault certainly "presents" a serious risk of injury to its victim. Under Tennessee law, "assault" is defined (and incorporated by reference in the definition of "reckless assault") as "caus[ing] bodily injury to another." T.C.A. § 39-13-101(a)(1). Nothing in the ACCA requires the prior convictions be for crimes of specific intent.

As did the district court, we do not look to the factual circumstances surrounding that earlier conviction per *United States v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994). However, we can consider the facts of prior convictions if those facts are necessary for a sentencing enhancement and were part of the indictment. *Taylor v. United States*, 495 U.S. 575, 602 (1989). The Defendant pled to two counts in July 1995, which stated that the victim "suffered serious bodily injury" and that the defendant acted "intentionally or knowingly." Plaintiff's brief at 11-12.

The defendant's second argument is that *Apprendi* renders the ACCA unconstitutional because prior convictions were not included as elements to be proved in his indictment as required by that recent decision. Because this argument was not raised before the district court, we review it for plain error. *Johnson v. United States*, 520 U.S. 461, 465-67 (1997). The *Apprendi* court specifically declined to overrule cases which found that indictments need not include allegations of prior convictions. 120 S.Ct. at 2362-63. However, the defendant argues that the Court's decision in *Apprendi* undermined *Almendarez-Torres*, and that we should overrule that decision and hold the ACCA unconstitutional. The Supreme Court, however, has recently reminded us that, though its decisions may have cast doubt on earlier opinions, we should give the Court the opportunity to overrule them,