UNITED STATES of America,
Plaintiff—Appellee,

v.

Francisco CRUZ–SERRANO,
Defendant—Appellant.

No. 04–30081.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 7, 2004.

Submitted June 7, 2005.

Decided June 7, 2005.

---

Jane M. Kirk, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Elizabeth Dahlstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Cruz–Serrano appeals the sentence imposed upon him following his plea of guilty to a violation of 8 U.S.C. § 1326.

### I

■ The district court did not err in enhancing the sentence on the basis of Cruz–Serrano's plea of nolo contendere to attempted residential burglary in violation of Wash. Rev.Code §§ 9A.52.025(1) (residential burglary) and 9A.28.020 (attempt). Under the United States Sentencing Guidelines, a defendant's offense level is enhanced 16 levels if he were deported or unlawfully remained in the United States after a conviction for a felony "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another," and includes "burglary of a dwelling." U.S.S.G. § 2L1.2, cmt. app. n. 1(B)(iii).

■ The district court properly concluded that Wash. Rev.Code § 9A.52.025(1) did not qualify categorically as a "crime of violence" pursuant to the analysis set forth in Taylor v. United States, 495 U.S. 575, 600—02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) because the statute encompasses conduct not included in the federal burglary definition. United States v. Wenner, 351 F.3d 969, 972–73 (9th Cir.2003).

■ In conducting a modified categorical analysis, the district court erred in determining that police reports qualified as judicially noticeable documents. Shep-

ard v. United States, —— U.S. ——, —— – ——, 125 S.Ct. 1254, 1260–61, 161 L.Ed.2d 205 (2005). However, this error was harmless because the transcript of the plea colloquy, which may be considered in a modified categorical analysis, id. at 1259, provided a sufficient basis for the district court to conclude that the prior offense qualified as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The fact that Cruz–Serrano entered a nolo contendere plea is of no consequence in assessing whether the conviction may be counted as a predicate offense. United States v. Smith, 390 F.3d 661, 665 (9th Cir.2004), as amended 405 F.3d 726 (9th Cir.2005).

### II

■ The imposition of the enhanced sentence based on the prior conviction did not violate the Sixth Amendment. Almendarez–Torres v. United States, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); United States v. Pacheco–Zapeda, 234 F.3d 411, 414 (9th Cir.2000). The Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) does not alter this analysis. United States v. Cortez–Arias, 403 F.3d 1111, 1114 n. 8 (9th Cir.2005); United States v. Quintana–Quintana, 383 F.3d 1052, 1053 (9th Cir.2004).

### III

■ In supplemental submissions to the Court, Cruz–Serrano contends that re-sentencing is required pursuant to United States v. Booker, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Booker, the Supreme Court severed the mandatory sentencing provisions of the Sentencing Reform Act of 1984, rendering its sentencing provisions, including the Sentencing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Guidelines, effectively advisory. We recently held that "when we are faced with an unpreserved *Booker* error that may have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005). Pursuant to *Ameline,* we remand the case to the district court for proceedings consistent with the procedure described in *Ameline.*

AFFIRMED in part; REMANDED in part.