**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

COSME DELGADO-LUCIO,

Defendant-Appellant.

No. 05-2201
(District of New Mexico)
(D.C. No. CR-04-1651-BB)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

I.      **Introduction**

Appellant, Cosme Delgado-Lucio, pleaded guilty to a charge of illegally reentering the United States. The Presentence Investigation Report ("PSR") recommended the application of the sixteen-level enhancement set forth in § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines ("USSG") based on Delgado-Lucio's prior Utah conviction for attempted sexual abuse of a child.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Delgado-Lucio argued a sentence within the resulting guidelines range would be unreasonable based on the circumstances of his case. The district court, however, sentenced Delgado-Lucio to thirty-seven months' imprisonment, the low end of the guidelines range. Delgado-Lucio then filed this appeal, arguing the sentence imposed by the district court is unreasonable and violates his Fifth and Sixth Amendment rights. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** Delgado-Lucio's sentence.

## II.    Background

Delgado-Lucio was charged in a one-count indictment with illegally reentering the United States following deportation subsequent to being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). Delgado-Lucio pleaded guilty and a PSR was prepared. The PSR indicated Delgado-Lucio had a 1993 Utah conviction for attempted sexual abuse of a child. The PSR recommended a sixteen-level increase to Delgado-Lucio's offense level, pursuant to USSG § 2L1.2(b)(1)(A), based on the conclusion the Utah conviction qualified as a crime of violence. The PSR calculated a final offense level of twenty-one which, when coupled with a criminal history category of I, resulted in a guidelines range of thirty-seven to forty-six months' imprisonment.

Delgado-Lucio filed written objections to the PSR and also filed a sentencing memorandum, arguing the district court should exercise its discretion

to sentence him below the advisory guidelines range. To support his position, Delgado-Lucio asserted the application of the sixteen-level increase pursuant to § 2L1.2(b)(1)(A) would be inequitable given the facts of his case. He alleged the Utah conviction was the result of an *Alford* plea which he entered on the advice of his attorney. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). Delgado-Lucio asserted he has always maintained his innocence of the Utah charges. Delgado-Lucio also argued his motivation in illegally reentering the United States was to see his American-citizen children and find work so he could provide support for them. Accordingly, he argued the application of the sixteen-level enhancement significantly over-represented his likelihood of recidivism and dangerousness to the community. He maintained a sentence of fifteen months' incarceration would promote respect for the law, provide adequate deterrence, and protect the community.

The district court considered but rejected Delgado-Lucio's objections and sentenced him to thirty-seven months' imprisonment, the low end of the guidelines range. This appeal followed.

**III. Discussion**

Delgado-Lucio asserts the district court erred by treating the Sentencing Guidelines as mandatory, not discretionary. *See United States v. Booker*, 543 U.S. 220, 267 (2005); *United States v. Gonzales-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). We can easily dispose of Delgado-Lucio's argument. It is clear from the record that the district court did not apply the Sentencing Guidelines in a mandatory fashion. The court specifically stated,

> I think there is a good chance . . . there may be occasion when you'll be able to persuade me that I should exercise the new found authority vested in me by *Booker*, but I don't think this is one of those occasions.
> And I say that because, as you well know from reading *Booker*, the Court instructs me to look first to the guidelines to see if I can fashion a sentence that is a fair and reasonable sentence taking into account all of the provisions of 18 United States Code 3553(a), and I am making a conscious effort to do that . . . .

*Booker* directs a sentencing court to consider, *inter alia*, the factors set out in 18 U.S.C. § 3553(a) when determining a sentence. 543 U.S. at 245-46. We have repeatedly held that a sentencing court is not required to individually address each factor listed in § 3553(a) before issuing a sentence. *See Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) ("[W]e do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." (quotations omitted)). Our review of the district court's statements at Delgado-Lucio's

sentencing hearing convinces us the court was well aware of *Booker* and the Court's holding that the Sentencing Guidelines should not be applied mandatorily. It is equally clear the court specifically considered both the sentencing factors listed in § 3553(a) and Delgado-Lucio's specific objections to the application of the advisory guidelines range but concluded a sentence at the low end of the guidelines range was reasonable. The fact that Delgado-Lucio received a sentence within the advisory guidelines range is not, as Delgado-Lucio would appear to argue, conclusive proof the district court applied the Guidelines in a mandatory fashion.

Delgado-Lucio also argues his Fifth and Sixth Amendment rights were violated because the district court imposed a sentence based on facts found by the court by a preponderance of the evidence. *See Booker*, 543 U.S. 220, 243-44 (2005). The Government asserts Delgado-Lucio did not raise this argument before the district court and thus we should review it for plain error. We agree with the Government. The argument Delgado-Lucio raises on appeal is not the same as the argument he presented to the district court. Before the district court, Delgado-Lucio relied on the circumstances surrounding the entry of his *Alford* plea to argue that a reasonable sentence was one below the low end of the advisory guidelines range. The district court considered that argument and rejected it. On appeal, Delgado-Lucio argues the district court violated his Fifth and Sixth Amendment rights by relying on the *Alford* plea to find he had

committed the Utah offense and using that finding to determine his sentence. This argument was not raised before the district court.

To establish plain error, Delgado-Lucio must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzales-Huerta*, 403 F.3d at 732 (quotation omitted). Delgado-Lucio cannot satisfy this burden because the district court did not commit error. Delgado-Lucio's argument that his Fifth and Sixth Amendment rights were violated when the court found he had previously been convicted of a violent felony necessarily fails because the district court did not apply the Guidelines in a mandatory fashion.[1] A district court commits constitutional *Booker* error only when it *mandatorily* increases a sentence on the basis of judge-found facts, other than the fact of a prior conviction. *Gonzales-Huerta*, 403 F.3d at 731.

To the extent Delgado-Lucio's appellate argument could be construed as an assertion the district court misapplied the Guidelines when it calculated his sentence, that argument also fails. *See United States v. Doe*, 398 F.3d 1254, 1257 n.5 (10th Cir. 2005) ("Although the Guidelines are now advisory, . . . appellate

---

[1]Even if we had not already concluded, *supra*, that the district court did not apply the Guidelines in a mandatory fashion, we would still deny Delgado-Lucio relief on this wholly meritless claim. This court has held that *Booker* does not "require the government to charge in an indictment or prove to the jury [] the existence of prior convictions." *United States v. Moore*, 401 F.3d 1220, 1221 (10th Cir. 2005).

review continues to encompass review of the district court's interpretation and application of the Guidelines." (citation omitted)). Delgado-Lucio's argument is necessarily premised on his position, albeit vaguely worded and without any supporting authority, that his Utah conviction cannot be considered a prior conviction for purposes of the Guidelines because he has never admitted his guilt. Under *Alford*, a defendant is permitted to enter a plea of guilty without admitting he committed the charged offense. 400 U.S. at 37-39. Thus, an *Alford* plea is a guilty plea and properly considered as a prior criminal conviction for purposes of the Sentencing Guidelines. *Cf. United States v. Mackins*, 218 F.3d 263, 268 & n.3 (3d Cir. 2000) ("That the defendant asserts his or her innocence, however, does not change the fact that he or she ultimately enters a guilty plea."). Accordingly, the district court did not err when it found Delgado-Lucio had been previously convicted of a violent felony. Further, in the sentencing memorandum Delgado-Lucio filed with the district court, he admitted he had been convicted in Utah state court of attempted sexual abuse of a minor and he has never argued the Utah conviction is not a crime of violence pursuant to § 2L1.2. These admissions provide yet another basis upon which to reject Delgado-Lucio's assertion that the district court erred when it found he had previously been convicted of a crime of violence.

**IV.  Conclusion**

We **affirm** the sentence imposed by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge