**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0266n.06**
**Filed: May 16, 2008**

**06-4027**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| ANDREW E. HUNT, | ) | |
| | ) | M E M O R A N D U M |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    MOORE and McKEAGUE, Circuit Judges; and SCHWARZER, District Judge.[*]

**McKEAGUE, Circuit Judge.**  Defendant Andrew E. Hunt was on parole when, acting on an informant's tip, defendant's parole officer searched his home and found a loaded handgun in defendant's bedroom.  Defendant was indicted on a felon-in-possession charge.  After his motion to suppress statements was denied, defendant was found guilty by a jury.  He was sentenced to a prison term of 85 months.  On appeal, defendant asserts seven claims of error.  Finding that all seven claims lack merit, we affirm the judgment.

---

[*]Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

**I**

In August 2004, defendant Andrew E. Hunt was on parole from the Ohio Department of Rehabilitation and Correction, having been convicted of felonious assault in 1997. He resided with his wife and daughter in Columbus. Hunt was supervised by parole officer Jennifer Clemans. On August 25, 2004, acting on an informant's tip that Hunt was in possession of two firearms, Clemans assembled a team of fellow parole officers to conduct a search of Hunt's home.

When the officers arrived at the Hunt residence, they were allowed in by Hunt's wife, Nichole. Andrew Hunt was in the shower. When he emerged from the shower, he had a gray towel wrapped around his waist. He asked and received permission to go to his bedroom to get dressed. When he finished dressing, alone behind the closed bedroom door, Hunt was escorted to a different room and the bedroom was searched. The officers found a loaded .38 caliber revolver and five loose rounds wrapped in a wet gray towel on the bed. Hunt told Clemans that he didn't know about the gun. Nichole Hunt also disclaimed any knowledge of the gun. Hunt was placed under arrest for violating the conditions of his parole.

Six days later, on August 31, while Hunt remained in custody at the Franklin County Corrections Center, Clemans delivered and read a formal notification of release violation to him. Hunt was required to initial the form, responding to the charges that he possessed a firearm and possessed ammunition by either admitting, admitting with explanation, or denying the charges. As he initialed the form, Hunt told Clemans that "it wasn't his gun, that he was holding it for Will, and that Will had brought it to him like two weeks ago." Hearing tr., JA 103. Hunt was ultimately found to have violated the conditions of his parole and a 240-day prison term was imposed.

- 2 -

Six months later, on April 14, 2005, based on the above facts, defendant Hunt was indicted in the Southern District of Ohio, charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Defendant moved to suppress any and all statements made by him during custodial interrogation because he had not been advised of his *Miranda* rights. Following an evidentiary hearing, the district court denied the motion, finding that, although Hunt had not been *Mirandized*, his statement to Clemans on August 31, 2004 was spontaneous, not the product of interrogation, and therefore not excludable.

Trial commenced on November 8, 2005. At the conclusion of a two-day trial, the jury found defendant guilty as charged. On July 14, 2006, defendant was sentenced to a prison term of 85 months. This appeal followed.

## II

### A. Suppression Motion

First, defendant challenges the district court's denial of his motion to suppress statements. The district court held the statement made by defendant on August 31 was spontaneous and not the product of interrogation. Therefore, the fact that defendant had not been *Mirandized* was held to have no impact on the admissibility of the statement. On appeal, defendant argues only generally that he should have been given *Miranda* warnings both in his home on August 25 and at the jail on August 31 because he was subject to custodial interrogation on both occasions. On review of an order denying a motion to suppress, we review findings of fact for clear error and conclusions of law *de novo*. *United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003).

Defendant's written motion to suppress did not clearly identify the statement(s) he sought to suppress. Considering the proofs presented at the hearing, the district court properly treated the motion as being directed at the statement defendant made on August 31, explaining that he was holding the gun for Will. The court's ruling was therefore limited to the August 31 statement. On appeal, defendant does not challenge the district court's denial of the motion to suppress his August 31 statements. Rather, although defendant contends he should have been given *Miranda* warnings both at his home on August 25 and at the parole office on August 31, his argument is focused on the statements he made at his home. Defendant contends he made statements in response to interrogation while in custody on August 25 and that he ought to have been advised of his rights to remain silent and consult with an attorney prior to questioning, per *Miranda v. Arizona*, 384 U.S. 436 (1966). That the statements he made on August 25 were introduced at trial and not suppressed, was error, defendant contends.

Because defendant did not include his August 25 statements as a subject of his motion to suppress and did not object to the introduction of the statements at trial, the trial court's admission of the statements is reviewed only for plain error. *See United States v. Murphy*, 241 F.3d 447, 450 (6th Cir. 2001). When unpreserved, a defendant's contention on appeal will prevail only if the trial court committed (1) error (2) that is plain and (3) that affects substantial rights. *United States v. Baker*, 458 F.3d 513, 517 (6th Cir. 2003) (citing *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). If these three conditions are met, the court may notice a forfeited error where the error also "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson*, 520 U.S. at 467). "Plain errors are limited to those harmful ones so rank that they should

have been apparent to the trial judge without objection, or that strike at fundamental fairness, honesty, or public reputation of the trial." *Murphy*, 241 F.3d at 450-51 (quoting *United States v. Evans*, 883 F.2d 496, 499 (6th Cir. 1989) (citation and quotations omitted)).

The government maintains that introduction of the statements made by defendant on August 25 did not affect his substantial rights and did not seriously affect the fairness, integrity or public reputation of the judicial proceedings. Indeed, Clemans testified at trial that Hunt, in response to discovery of the .38 caliber revolver on the bed, told her that he didn't know what she was talking about; that there were no guns in his possession. This statement was consistent with Hunt's own later trial testimony, to the effect that he did not know about a firearm at this residence on August 25, 2004.

This statement, which served merely to buttress his own trial testimony, could hardly have resulted in prejudice to defendant or otherwise affected his substantial rights. Defendant, who has the burden of showing entitlement to relief, has not suggested how he was prejudiced. He has not presented any meritorious reason to disturb either the district court's denial of his motion to suppress or the district court's admission of testimony regarding his August 25 statements. Accordingly, we find no plain error; defendant's first claim of error is overruled.

### B. Ineffective Assistance

Defendant contends his trial counsel rendered ineffective assistance of counsel by failing to move to suppress the fruits of the August 25 search of his home, i.e., the revolver and ammunition. Defendant contends the record is devoid of any basis for concluding that the searching parole officers had reasonable grounds for believing that he was in violation of the terms of his parole. Absent a

showing of reasonable suspicion, he contends the search was in violation of his Fourth Amendment rights. *See United States v. Loney*, 331 F.3d 516, 520-21 (6th Cir. 2003); *United States v. Payne*, 181 F.3d 781, 786-91 (6th Cir. 1999). Failure of his attorney to raise this issue is said to have been constitutionally deficient, i.e., a failing outside the range of competence demanded of attorneys in criminal cases under *Strickland v. Washington*, 466 U.S. 668 (1984).

The record of justification for the August 25 search has not been developed, because the search was never challenged. It follows that the ineffective assistance claim must be pursued, if at all, as a matter of collateral relief under 28 U.S.C. § 2255, a process which would allow the record to be properly developed. *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (recognizing that typically, ineffective assistance claims may not be pursued on direct appeal, but rather in a post-conviction proceeding under § 2255); *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (same). We therefore reject defendant's second claim of error, without prejudice.

### C. Anonymous Tip Testimony

At the commencement of trial, defendant made a motion in limine to limit testimony by government witnesses concerning the informant's tip that led to the August 25 search of defendant's residence. The trial court granted the motion. With reference to *United States v. Cromer*, 389 F.3d 662 (6th Cir. 2004), the court directed the Assistant U.S. Attorney to instruct his witness, Jennifer Clemans, to mention only that a parole officer had received a tip and that in response to that tip, officers went to defendant's house. In this manner, the teaching of *Crawford v. Washington*, 541 U.S. 36 (2004), would be observed. By so limiting Clemans' testimony regarding the tip, the court sought, in close conformity with *Cromer*, to avoid the presentation of any "testimonial" out-of-court

statement and ensure that the tip was mentioned strictly for background information, not to prove the truth of the statement. *See Cromer*, 389 F.3d at 676.

Clemans testified precisely as directed. Her testimony included no substantive information conveyed by the tip; it simply explained why the officers went to defendant's home on August 25, 2004. The testimony was consistent with the court's limine ruling made at defendant's request. Defendant did not object to Clemans' testimony when given. Now, however, he contends that allowing any mention of the tip at all represented an abuse of discretion, because the tip represented evidence of his possession of the firearm.

Defendant's argument is feckless. First of all, it is subject to plain error review because defendant did not preserve the claim by objecting below. Second, he has not demonstrated that any error occurred, much less plain error that affected his substantial rights and impugned the integrity of the judicial process. Defendant bases his objection on *Cromer*; yet Clemans' testimony was entirely consistent with the teaching of *Cromer*, 389 F.3d at 676 (explicitly recognizing that assertions offered not for their content, but merely to explain why the government commenced investigation, are not offered to establish the truth of the matter asserted and are not barred by the Confrontation Clause per *Crawford*). The district court did not abuse its discretion by allowing the testimony. Defendant's third claim of error is overruled.

**D. Prosecutorial Misconduct**

Defendant complains of two instances of prosecutorial misconduct, the first relating to the Assistant U.S. Attorney's questioning of defendant on cross-examination, and the second relating

to the Assistant U.S. Attorney's denigration of defendant's case in closing argument. No objection

was made in connection with either "misconduct" during trial. So, again, plain error review applies.

The standards governing defendant's prosecutorial misconduct claim are summarized as

follows:

> In reviewing allegations of prosecutorial misconduct, this Court conducts a two-step inquiry. *United States v. Francis*, 170 F.3d 546, 549 (6th Cir.1999). First, we determine if the statements were improper. *Id.* If they were improper, we consider the following factors to determine if the comments were flagrant enough to warrant reversal: (1) whether the prosecutor's remarks or conduct tended to mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were accidentally or deliberately made; and (4) the overall strength of the evidence against the accused. *Id.*

*United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005). *See also, United States v. Carter*, 236

F.3d 777, 783 (6th Cir. 2001). In determining whether the prosecuting attorney's remarks were

improper, they must be considered within the context of the trial as a whole, with attention to

whether they may have been invited by defense counsel's conduct. *Barnett*, 398 F.3d at 522-23.

Prosecutorial misconduct may constitute plain error, justifying relief notwithstanding defendant's

failure to object at trial, but only if it was "exceptionally flagrant." *Carter*, 236 F.3d at 783.

First, defendant contends that the prosecutor, through the following exchange, improperly

implied that he, the defendant, had the burden of proving his innocence:

> Q:     Mr. Hunt, you have got good attorneys, right? And if you think there is other evidence you need to get in, that's kind of your job, right?
>
> A:     Yes . . . .
>
> Q:     I don't want you to try to suggest to the jury that there's this other stuff no one is talking about.

Trial tr., JA 468-69.  Improper burden-shifting is a violation of due process.  *See United States v. Newton*, 389 F.3d 631, 638 (6th Cir. 2004), *vacated on other grounds*, 546 U.S. 803 (2005).  Yet, when viewed in context, the above exchange is seen not to have been improper and was certainly not exceptionally flagrant.

In defendant's answer immediately prior to the above-quoted exchange, he had insinuated that the government was deliberately withholding evidence from the jury, saying:  "There has been a lot of things mentioned like things she [i.e., Clemans] said to me while I was in the household that hasn't been brought up, a lot of things that happened and transpired while the whole ordeal was taking place that has not been brought into the trial."  Trial tr., JA 468.  It thus appears that the Assistant U.S. Attorney's point, though clumsily made, was invited by and responsive to defendant's testimony.  Read in context, it is clear that the prosecutor's remarks were not intended to shift the burden of proof or otherwise mislead the jury or prejudice the defendant.  They were intended simply to dispel the notion, suggested by defendant, that the government had improperly withheld information.  The remarks were not improper and do not constitute prosecutorial misconduct.  *See Newton*, 389 F.3d at 638 (finding no misconduct in prosecutor's reply to defense insinuations that government hid evidence from jury).

Second, defendant complains of closing argument remarks by the Assistant U.S. Attorney to the effect that defendant and his wife had lied or given false statements.  "It is well-established that the personal opinion of counsel has no place at trial."  *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir. 1996).  "It is unprofessional for counsel to express a personal belief or opinion in the truth or falsity of any testimony."  *Id*. at 1039-40.  "On the other hand, counsel must be given leeway

to argue reasonable inferences from the evidence. Where there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying." *Id*. at 1040.

In this case, the jury certainly heard evidence of conflicting statements. In fact, both defendant and his wife *admitted* in their testimony that they had lied. Defendant admitted that the story he gave Clemans on August 31, i.e., that he was holding the gun for Will, was a lie. Nichole Hunt admitted that she lied to Clemans on August 25, when she disclaimed any knowledge of the revolver when it was found on the bed. Hence, when the Assistant U.S. Attorney referred to their lies and commented on their credibility, he was not inappropriately expressing his personal belief, but was commenting on evidentiary facts. Defendant and his wife admitted having made prior statements inconsistent with their trial testimony, prior statements which *they* characterized as lies and which they disavowed by explaining why they had lied.

Defendant has thus failed to show that the Assistant U.S. Attorney's remarks were improper at all. Nor has he demonstrated that the remarks prejudicially affected defendant's substantial rights or the fairness, integrity or public reputation of the judicial proceedings. The allowance of the remarks certainly does not amount to anything approximating plain error. Accordingly, defendant's prosecutorial misconduct challenge is rejected.

### E. Sufficiency of the Evidence

Defendant maintains there was insufficient evidence of his possession of the revolver to sustain the government's burden of proof beyond a reasonable doubt. He insists that his wife credibly testified at trial that she brought the gun into the home, unbeknownst to him, for self-protection.

- 10 -

In evaluating the sufficiency of the evidence, we may not weigh the evidence presented, consider the credibility of the witnesses, or substitute our judgment for that of the jury. *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999). The judgment must be upheld as long as the evidence, viewed in the light most favorable to the prosecution, and after giving the government the benefit of all inferences that could reasonably be drawn from the testimony, could justify a rational trier of fact in finding the elements of the charged crime proven beyond a reasonable doubt. *Id*. Circumstantial evidence alone may be sufficient to sustain a conviction and such evidence need not exclude every reasonable explanation except that of guilt. *United States v. Charles*, 138 F.3d 257, 265 (6th Cir. 1998); *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994).

There was strong circumstantial evidence connecting defendant to the revolver. The revolver was found on the bed, where defendant had just been sitting, wrapped in a wet towel closely resembling the towel that had just been observed wrapped around defendant's body as he exited the shower moments earlier. Both defendant and his wife gave conflicting stories about the gun, which stories the jury was entitled to disbelieve—especially in light of defendant and his wife both having admitted lying about the gun at one point or another. Viewing the evidence in the light most favorable to the prosecution, we can hardly conclude that no rational trier of fact could find the elements of the crime charged proven beyond a reasonable doubt.

**F. Unreasonable Sentence**

Prior to sentencing, defendant objected to the proposed two-level obstruction-of-justice enhancement of his offense level. The district court overruled his objection and applied the enhancement, finding that defendant had made false statements both to his parole officer and, on the

- 11 -

record at the suppression hearing, to the court. Defendant maintains on appeal that since he was never charged with and convicted of perjury, the enhancement should not have been applied. He contends the court should have applied an advisory Sentencing Guideline range of 63 to 93 months and he should have been sentenced at the low end of the range.

A judgment of sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 594 (2007). To obtain relief, an appellant must show that the sentence is either procedurally or substantively unreasonable. *Id*. at 597; *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). A sentence may be held procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S.Ct. at 597.

Defendant has not specified whether his sentencing challenge is procedural or substantive. To the extent he argues that the district court erred in finding facts justifying the obstruction-of-justice enhancement, leading to an improper calculation of the Guidelines, he appears to contend that his 85-month sentence is the product of unreasonable procedure. Yet, he does not dispute the sentencing court's finding that he gave materially false statements to Clemans and to the court at the suppression hearing. He contends rather that the enhancement should not be applied unless and until he is convicted of perjury for the false statements.

Section 3C1.1 of the Sentencing Guidelines provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Among the non-exhaustive list of examples of qualifying obstructive conduct provided in Application Note 4, we find:

> (f) providing materially false information to a judge or magistrate;

> (g) providing materially false information to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense.

It follows that, even though defendant was not charged with or convicted of perjury, his admission that he provided materially false information to his parole officer and to the court established conduct that clearly qualified for the obstruction enhancement. *See also Gibson v. United States*, 271 F.3d 247, 259-60 (6th Cir. 2001) (upholding obstruction enhancement based on unconvicted conduct amounting to perjury), *overruled on other grounds*, *United States v. Leachman*, 309 F.3d 377, 383 (6th Cir. 2002). Accordingly, defendant's procedural unreasonableness challenge is meritless.

Arguably, defendant is also contending that his sentence is substantively unreasonable, i.e., greater than necessary to comply with the purposes of sentencing. The Supreme Court has defined the scope of substantive unreasonableness abuse-of-discretion review as follows:

> When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. [*Rita v. United States*, — U.S. — , 127 S.Ct. 2456, 2462-68 (2007)]. But if the sentence is outside the Guidelines

- 13 -

range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Gall*, 128 S.Ct. at 597. It is incumbent upon defendant to establish that his sentence is unreasonable. *United States v. Crowell*, 493 F.3d 744, 752 (6th Cir. 2007).

Defendant's only appellate objection to the manner in which the district court calculated the Guidelines range having been overruled, it is apparent that the advisory Guidelines range used by the district court, 77 to 96 months, was properly calculated. Further, because defendant's 85-month prison sentence is within this properly calculated advisory Guidelines range, it is entitled to a rebuttable presumption of reasonableness. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Defendant's substantive unreasonableness argument boils down to a mere allegation that "the District Court should have only imposed a sentence of 63 months imprisonment, not 85 months." This allegation, unsupported by any evidence or argument, is clearly insufficient to rebut the presumption of reasonableness. *See Sexton*, 512 F.3d at 332 (the question whether, in the first instance, the appellate court would have imposed the same sentence is beyond the scope of appellate review); *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007) (mere allegation that sentence is greater than necessary is insufficient to rebut the presumption of reasonableness accorded to within-Guidelines sentence); *United States v. Phinazee*, 515 F.3d 511, 519 (6th Cir. 2008) (since substantive unreasonableness review is for abuse of discretion, appellate court must be wary of substituting its judgment for that of the district court).

Accordingly, defendant's contention that his sentence is unreasonable, whether construed to be a procedural or substantive challenge, is rejected.

### G. Constitutionality of 18 U.S.C. § 922(g)(1)

Finally, in an argument not included in defendant's counsel's briefing, but asserted only in defendant's own *pro se* briefs, defendant contends his conviction must be reversed because the felon-in-possession law he is adjudged to have violated is unconstitutional. The constitutionality challenge is presented in two parts. Defendant contends first that 18 U.S.C. § 922(g)(1) represents an improper exercise of Congress' Commerce Clause power. This argument was squarely addressed and rejected in *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003), and *United States v. Carnes*, 309 F.3d 950, 954 (6th Cir. 2002). *See also United States v. Thompson*, 361 F.3d 918, 923 (6th Cir. 2005). While defendant goes to great lengths to explain why *Loney* is wrongly decided, he fails to cite a single case in any jurisdiction that has been persuaded by the argument. Unless and until overturned by the Sixth Circuit *en banc* or by the Supreme Court, *Thompson*, *Loney*, and *Carnes* are binding and must be followed. We therefore reject defendant's argument that the felon-in-possession law represents an improper exercise of legislative power under the Commerce Clause.

In a second challenge to the constitutionality of the law, defendant contends it was not validly enacted in the first place. Defendant appears to contend primarily that the bill from which Title 18 originated was never passed in the same form by both the House and the Senate before it was presented to the President for approval and signing in 1948, in violation of the Presentment Clause, U.S. Const. art. I, § 7, cl. 2. Because Title 18 was not validly enacted, the law under which defendant was convicted is said to be void *ab initio*.

The questions surrounding the enactment of Title 18 were never raised in the district court. Ordinarily, issues not raised in the district court will not be addressed in the first instance on appeal. *United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003); *Saylor v. United States*, 315 F.3d 664, 669 (6th Cir. 2003). Moreover, an issue not raised in an appellant's opening brief need not be considered. *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006); *United States v. Madden*, 403 F.3d 347, 351, n.1 (6th Cir. 2005); *United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004). Here, on a novel constitutional theory, the court has been afforded neither the benefit of a lower court ruling nor advocacy by competent counsel on either side. Under these circumstances, we decline to consider the issue.

### III

For all the foregoing reasons, all of defendant's claims of error are rejected and the lower court's judgment is **AFFIRMED**.