McKEAGUE, Circuit Judge,
dissenting.
The majority plainly asserts that a conviction under Tennessee’s aggravated assault statute is not a categorically violent felony. However, because binding, and indeed recent, published authority from this Circuit has explicitly held otherwise, I must dissent. I further note that even if the majority were free to correctly proceed to a modified-categorical analysis under Shepard, it fails to recognize that all of the sources approved by Shepard for consideration in a guilty plea case can be used in evaluation of an Alford plea to .the same extent as a guilty plea.
I.
First, the majority plainly ignores binding precedent from within our Circuit. United States v. Matthews, 278 F.3d 560, 563 (6th Cir.2002), cert. denied, 535 U.S. 1087, 122 S.Ct. 1991, 152 L.Ed.2d 1038 (2002), clearly held that aggravated assault in Tennessee constitutes a violent felony under the. ACCA. (“Reckless aggravated assault certainly ‘presents’ a serious risk of injury to its victim.”). The majority here reasons, however, that this precedent is no longer valid in light of Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Had Matthews been the last decision on the subject from this *383 Circuit, the majority might have been correct to reconsider that precedent, because in some instances a published opinion is no longer binding when a subsequent “inconsistent decision of the United States Supreme Court ... requires modification of the decision.” Golden v. Kelsey-Hayes Co., 73 F.3d 648, 654 (6th Cir.1996) (internal citation omitted).
However, Begay did not directly overrule Matthews,[1] and since that time, this Court has again determined that Tennessee aggravated assault remains a categorically violent felony. United States v. Benton, 639 F.3d 723 (6th Cir.2011), is a published decision from this Circuit. Decided after Begay, it explicitly states that “[t]he crime of aggravated assault [in Tennessee] ... qualifies as a ‘violent felony’ for ACCA purposes.” Id. at 730. The majority concludes that this statement was merely “dicta” — “not necessary to the outcome” of the case. Majority at 375. I respectfully disagree. Benton’s pronouncement that Tennessee aggravated assault is an aggravated felony was necessary to the Court’s ultimate conclusion that solicitation “create[s] a heightened and serious potential risk of the occurrence of physical injury.” Benton, 639 F.3d at 732. The Court did not have to engage in a separate inquiry as to whether the solicited conduct was serious enough to make the solicitation itself “present! ] a serious potential risk of physical injury,” precisely because it relied upon the conclusion that the underlying conduct itself would be a “violent felony.” Benton determined that because solicitation requires intent that the underlying force or threat of force occur, “it also meets the criteria of ‘violent and aggressive conduct.’ ” Id.
The majority’s decision today directly conflicts with Benton. That is contrary to our most fundamental principle of stare decisis: “This court has long adhered to the ‘venerable principle’ that a prior published decision remains controlling unless overturned by an inconsistent decision of the United States Supreme Court or by this court itself sitting en banc.” Brown v. United States, 462 F.3d 609, 620 (6th Cir.2006) (Graham, J., dissenting) (citing Schoenberger v. Russell, 290 F.3d 831, 841 (6th Cir.2002); United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996)); 6 Cir. R. 206(c) (“Reported panel opinions are binding on subsequent panels.... Court en banc consideration is required to overrule a published opinion of the court.”); see also United States v. Hunt, 278 Fed.Appx. 491 (6th Cir.2008) (“Unless and until overturned by the Sixth Circuit en banc or by the Supreme Court, [published decisions from this Circuit] are binding and must be followed.”); Solomon v. United States, 467 F.3d 928, 935 n. 1 (6th Cir.2006) (Griffin, J., dissenting) (“[B]ecause [a prior case] has been followed in subsequent published *384 decisions of our court [after intervening Supreme Court precedent] ... I consider it precedentially binding until such time as it is overruled by the Supreme Court or by this court en banc.”).
Put simply, we are “bound to follow [a Circuit precedent’s] mandate unless and until a contrary rule is developed by this court en banc or by the Supreme Court.” United States v. Merkosky, 135 Fed.Appx. 828, 837 n. 2 (6th Cir.2005) (noting disagreement with binding precedent but acknowledging the duty to follow it nonetheless); Schoenberger, 290 F.3d at 842 (Moore, J., concurring) (acknowledging that questionable precedent controls, but stating that the Court may wish to reconsider it en banc). While Benton may very well be incorrect in light of Begay and Leocal — and I express no opinion on that possibility — it is the law of this Circuit. “[0]ne panel of this Court cannot overturn a decision of another panel; only the Court sitting en banc may do so.” Schoenberger, 290 F.3d at 841 (Keith, J., concurring); Geiger v. Tower Auto., 579 F.3d 614, 622 (6th Cir.2009) (Gibbons, J., authoring) (“[W]e are without authority to overrule prior published decisions of our court absent an inconsistent decision of the Supreme Court or an en banc reversal.”); Bonner v. Perry, 564 F.3d 424, 431 (6th Cir.2009) (Moore, J., authoring) (“Bonner argues that Collard [v. Kentucky Board of Nursing, 896 F.2d 179 (6th Cir.1990) ] should be overruled. However, Bonner does not cite any intervening Supreme Court decision that would allow us to reconsider the issue, nor are we sitting en banc. Therefore, we do not have the power ...”).
I also note that “when a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.” Darrah v. City of Oak Park, 255 F.3d 301, 310 (6th Cir.2001). Unless and until Benton is overruled — by the whole Court and not just two members of it — it remains controlling.
II.
Moreover, even if the majority were free to proceed to a modified-categorical analysis, its analysis does not comport with Shepard. I agree with the majority that, in this particular case, an application of the modified-categorical approach would fail to establish that McMurray “necessarily” pleaded guilty to a violent felony; however, I disagree with the majority’s analysis of the issue. The majority agrees that the statute itself or a narrowed indictment can be considered in evaluating an Alford plea. It further purports to agree that the other Shepard documents — plea agreements, plea colloquies, and factual bases at the plea hearing — can be considered, but then creates an important limitation: these can only be relied upon, the majority concludes, if the defendant actually admits guilt to the facts constituting a violent felony. I would instead hold that all of the categories of documents approved by Shepard for evaluating guilty pleas can be relied upon — to the same extent — when the defendant instead enters an Alford plea.
It is clearly established that several types of documents can demonstrate that an underlying guilty-plea conviction is a violent felony: “ ‘the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.’ ” United States v. Wells, 473 F.3d 640, 647 (6th Cir.2007) (quoting Shepard, 544 U.S. at 16, 125 S.Ct. 1254). The majority recognizes that an Alford conviction does serve as a predicate offense when the conviction was categorically a violent felony, and when the charging document narrows the charge to *385 either a factual basis or statutory section that is a violent felony. Majority at 381— 82; see also, e.g., United States v. Savage, 542 F.3d 959, 964 (2nd Cir.2008); United States v. Cruz-Serrano, 135 Fed.Appx. 26, 28-29 (9th Cir.2005) (citing United States v. Smith, 390 F.3d 661, 665 (9th Cir.2004)) (holding that in a modified categorical analysis, “the fact that Cruz-Serrano entered a nolo contendere plea is of no consequence in assessing whether the conviction may be counted as a predicate offense”); United States v. Ortkiese, 208 Fed.Appx. 436 (6th Cir.2006) (holding that a nolo contendere plea did not preclude the sentencing court from relying on the charging document to establish the conviction was a “violent felony”); Vinton, 631 F.3d at 487 (concluding that a “precisely drawn charging document, which narrowed the charge to a crime that qualified as” a “crime of violence” can establish predicate offense when Alford plea entered); United States v. Mackins, 218 F.3d 263, 268 (3d Cir.2000).
Unfortunately, the majority then departs from Shepard’s list of approved documents. It recognizes that Shepard approved reliance upon plea agreements, plea colloquies, and factual bases at the plea colloquy, but then immediately states that it is “persuaded” by other circuit decisions that have refused to allow the proffer of the factual basis for an Alford plea to be used to identify the resulting conviction as an ACCA predicate. Majority at 379-80. This is, however, contrary to this. Court’s holding in Ikharo v. Holder, 614 F.3d 622 (6th Cir.2010).
Ikharo involved a review of an immigration judge’s decision that an alien had been convicted of “a particularly serious crime.” The defendant argued that the court could not rely on a particular underlying conviction because it was entered pursuant to an Alford plea. However, this Court reiterated that “[a]n Alford-type guilty plea is a guilty plea in all material respects,” and held that it is permissible to rely upon “facts contained in the indictment and plea agreement as well as during the plea hearing.” Id. at 633 (emphasis added). The majority states that it “decline[s] to extend” Ikharo, majority at 379-80, but no extension is needed. Ikharo rejected the argument that facts in the indictment, plea agreement, and plea hearing could not be considered due to an Alford plea — the issue is not whether Ikharo should be extended, but simply that it should be followed.
The majority states that by entering a best interest plea, McMurray pleaded guilty to the elements of aggravated assault but not the factual basis proffered by the prosecution. Majority at 379-80 n. 10. This is inaccurate. First, a defendant pleading guilty could attempt the same argument — that he simply admitted guilt to the elements of the crime, but not to the additional facts contained in the plea agreement, discussed in the plea colloquy, or accepted as the factual basis for the convictions. But Shepard demonstrates that such an argument fails: an individual pleading guilty to an offense pleads guilty to — and can be held responsible for — the elements in the statutory offense and facts in these additional documents when they necessarily demonstrate the violent nature of the act. The same is true for an Alford plea. Second, a defendant entering an Alford plea does not admit guilt at all — to the facts or the elements of the offense— but he can likewise be held responsible for both.[2]
*386 I believe that all of the sources approved by Shepard for consideration in a guilty plea case can be used in the same manner in evaluation of an Alford plea, in appropriate circumstances. Shepard held that such documents enable a court to make the necessary determinations, and thus this information “would do in any sort of case.” Shepard, 544 U.S. at 20-21, 125 S.Ct. 1254. The difference between a plea of guilty and an Alford plea is of “no constitutional significance.” Alford, 400 U.S. at 37, 91 S.Ct. 160. We are bound by this Court’s determination that a “plea of nolo contendere ‘has a similar legal effect as pleading guilty.’ ” United States v. Arnold, 58 F.3d 1117, 1124 n. 5 (6th Cir.1995) (citing Black’s Law Dictionary 1049 (6th ed.1990)). An Alford plea to a categorically violent felony supports ACCA enhancement in exactly the same way that a guilty plea would do so; there is no principled reason to say that the same is not true for analysis of the facts in the underlying Shepard documents.[3]
Because the ACCA “refers to predicate offenses in terms not of prior conduct but of prior ‘convictions’ and the £element[s]’ of crimes,” Shepard, 544 U.S. at 19, 125 S.Ct. 1254, we must “analyzfe] whether [a defendant] ha[s] been convicted of a particularly serious crime, not whether he ha[s] admitted his guilt.” Ikharo, 614 F.3d at 633-34 (6th Cir.2010) (emphasis in original). Therefore, the documents explicitly approved by Shepard are equally appropriate to consider in an Alford-plea setting — this includes the same analysis of not only the statutory definition and charging document (as the majority acknowledges), but also the same analysis of the “statement of factual basis for the charge ... shown by a transcript of plea colloquy or by written plea agreement presented to the court,” or by a “record of comparable findings of fact adopted by the defendant upon entering the plea.” Shepard, 544 U.S. at 20, 125 S.Ct. 1254. This result is supported by ample case law from multiple circuits. See Savage, 542 F.3d at 964; Cruz-Serrano, 135 Fed.Appx. 26, 28 (9th Cir.2005) (citing United States v. Smith, 390 F.3d 661, 665 (9th Cir.2004)) (holding that in a modified categorical analysis, “the fact that Cruz-Serrano entered a nolo contendere plea is of no consequence in assessing whether the conviction may be counted as a predicate offense”); Mackins, 218 F.3d at 268 (“[W]e conclude that an Alford plea is, without doubt, an adjudication of guilt and is no different than any other guilty plea for purposes of § 4A1.1 [of the Guidelines].”); United States v. Salean, 583 F.3d 1059, 1061 n. 3 (8th Cir.2009); United States v. Delgado-Lucio, 184 Fed.Appx. 737, 740 (10th Cir.2006) (“[A]n Alford plea is a guilty plea and properly considered as *387 a prior criminal conviction for purposes of the Sentencing Guidelines.”); Abimbola v. Ashcroft, 378 F.3d 173, 181 (2d Cir.2004) (noting that “an Alford plea is a guilty plea,” and that the relevant question is whether there was a conviction, “as opposed to an admission of guilt”) (emphasis in original); see Ikharo, 614 F.3d at 633-84 (using Alford plea as predicate offense in the immigration context); see also United States v. Wesley, 895 F.2d 1415 (6th Cir.1990) (holding that Alford plea was sufficient for finding of “crime of violence,” despite defendant’s explicit denials of the “violent” conduct at sentencing).
In this particular case, a modified-categorical analysis would reveal that the state has failed to establish that McMurray “necessarily” pleaded guilty to a violent felony — but that is because none of the Shepard-approved circumstances are present in this case. The indictment is not contained in the record. The plea agreement does not contain facts demonstrating a violent felony. And while a factual basis was read at the plea colloquy, the sentencing judge never asked the defendant to confirm or accept — by Alford plea or otherwise — that factual basis. The court merely had the factual basis read, and then later asked, “Are you entering a best interest plea of guilty on that one charge of aggravated assault?” to which McMurray replied “Yes, sir.” Therefore, the state failed to establish that McMurray “necessarily” pleaded guilty to a violent felony — but that is not the required result in every similar case.
Instead, an Alford guilty plea can serve as a predicate offense where: (1) the statutory definition demonstrates that the conviction is categorically a violent felony; (2) the charging document narrows the charge to either a factual basis or statutory section that is a violent felony; (3) the plea agreement contains facts demonstrating the violent felony; (4) the plea colloquy reveals an Alford admission to facts constituting a violent felony; or (5) the sentencing court requires the defendant to confirm — through an Alford acceptance — a factual basis constituting a violent felony. The majority fails to recognize the latter three in this list, instead adding a requirement that the facts be explicitly admitted.
There are consequences to second-guessing the Supreme Court’s determination that these documents should be considered: any defendant pleading to a crime that is not categorically a violent felony can avoid ACCA enhancement if the indictment does not narrow the offense, simply by entering an Alford plea — even if the plea agreement states predicate conduct, or the defendant himself acknowledges to the court that the factual basis presented by the state would demonstrate predicate conduct at trial.
Because an Alford plea and a guilty plea are legally the same, requiring Alford assent to requisite facts — either in writing in the plea agreement, or by verbal acknowledgment at a hearing — means that the conviction “necessarily” involved predicate conduct to the same extent as it would in a guilty plea case. Shepard, 544 U.S. at 25, 125 S.Ct. 1254 (holding that “written plea agreements,” “accepted” findings of fact, or statements “confirming the factual basis for a valid plea” will suffice). The Ninth Circuit case cited by the majority, United States v. Vidal, 504 F.3d 1072 (9th Cir.2007), agrees with this conclusion. It states that all five categories of documents can be considered, see id. at 1086. It further explains that a West plea agreement can provide a basis for determining the qualifying nature of the underlying conviction, see id. at 1089, but that in that particular case, no qualifying facts were contained in the “facts” section of the agreement. Id. Vidal indicates that if the *388 court possessed a “memorialization of the terms of the plea bargain,” that document could have been considered in determining whether the conviction was for generic theft. Id. That decision also states that where a defendant admits in a plea colloquy — in the context of a nolo contendere plea — to entering a dwelling, the offense constitutes generic burglary. Id. (citing United States v. Smith, 390 F.3d 661, 666 (9th Cir.2004)). Similarly, Smith held that in a nolo contendere case, “the district court may rely on the undisputed factual basis as stated at the plea hearing to support the ACCA enhancement.” Smith, 390 F.3d at 665-66; see id. (“The legal effect of [a nolo contendere ] plea ... shall be the same as that of a plea of guilty for all purposes.”) (citing Cal.Penal Code § 1016).
The Second Circuit has also explicitly agreed with this approach. In United States v. Palmer, 68 F.3d 52 (2nd Cir.1995), the defendant had entered a nolo contendere plea in his underlying conviction, and the information document in the case did not specify qualifying conduct. However, at the plea colloquy, the court “inquired whether Palmer had ‘heard the [foregoing] facts that were read by the prosecutor’ and agreed that he was entering his plea of nolo contendere thereto, and Palmer answered affirmatively.” Id. at 54. The court held that where a defendant enters a nolo contendere plea, but the “plea proceeding includes a lucid description of the conduct for which [the defendant] was convicted,” and the defendant’s “on-the-record-agreement to the description of his conduct proffered by the prosecuting attorney,” it results in “the functional equivalent of a plea agreement with respect to that conduct,” and sentence enhancement based on that conviction was appi'opriate. Id. at 59.
I would join these circuits in holding that Shepard meant what it said: all of these documents should be equally relied upon “in any sort of case.” Shepard, 544 U.S. at 20-21, 125 S.Ct. 1254.
III.
Because Matthews and Benton are binding and controlling, I am bound to object to the majority’s contrary holding that McMurray’s aggravated assault conviction is not categorically a violent felony. I also would hold that if a modified-categorieal analysis is reached, a defendant’s Alford plea does not prohibit a court from looking to the statutory definition, charging document, plea agreement, plea colloquy, or factual findings in determining whether a crime qualifies as a “violent felony” under the ACCA. Therefore, I dissent.

. In fact, the Supreme Court’s recent opinion in Sykes makes it less clear whether Begay would require today's result at all. Sykes reiterated that the ACCA is intended to target crimes that "show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger.” Sykes, 131 S.Ct. at 2275 (quoting Begay, 553 U.S. at 146, 128 S.Ct. 1581). Sykes stated that "[t]he phrase ‘purposeful, violent, and aggressive' has no precise textual link to the residual clause”; that the “risk” assessment in the text of the ACCA is what generally "dividefs] crimes that qualify from those that do not”; and that such an assessment will sometimes render the "purposeful, violent, and aggressive inquiry” “redundant.” Id. Ultimately, Sykes stated that "[a]s between the two inquiries, risk levels provide a categorical and manageable standard that suffices to resolve the case before us.” Id. at 2275-76. It is unclear from the majority opinion in Sykes whether conduct must be "purposeful” under the residual clause in order to qualify as a “violent felony.”

. Additionally, the majority's concession regarding plea colloquies and factual bases is quite illusory; very few defendants — if any— will bother entering an Alford plea only to then actually admit guilt to the facts. Analyzing an identical plea colloquy differently de *386 pending on whether the plea is a guilty or Alford one violates clearly established precedent. See Alford, 400 U.S. at 37, 91 S.Ct. 160 (noting the difference between the two is of "no constitutional significance.”).

. Indeed, the majority's distinction, in practical terms, will mean that ACCA enhancement in Alford cases will now turn on the happen-stance choice of words used by the judge and defendant in the plea colloquy or provision of factual basis. If the judge asks the defendant, "The government alleges that you brandished a firearm and waived it at police officers. Do you admit to this factual basis?,” an answer of "Yes” will support ACCA enhancement under the majority’s analysis. But if the judge — in the same case — instead says, “The government alleges that you brandished a firearm and waived it at police officers. Do you acknowledge this factual basis?,” it cannot be used. This is a nonsensical distinction, especially since the second question can still support ACCA enhancement in a guilty plea case. See Shepard, 544 U.S. at 25, 125 S.Ct. 1254 (determining that "the defendant's own admissions or accepted findings of fact" provide the type of certainty sufficient for ACCA enhancement).